582 P.2d 651

**The STATE of Arizona, Appellee,**

v.

**Terry Max MIKELS, Appellant.**

**No. 2 CA–CR 1256–2.**

Court of Appeals of Arizona, Division 2.

June 8, 1978.

Rehearing Denied July 18, 1978.

Review Denied Aug. 10, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Douglas P. Mitchell, Tucson, for appellant.

## OPINION

HOWARD, Judge.

The state presented evidence to a grand jury which showed that between the 24th and 28th of February 1977, appellant and several other cellmates committed acts of sodomy on one Charles Spindler in the shower stall of a jail cell in Pima County. The grand jury returned an indictment based upon this evidence which stated:

"On or about the 25th day of February, 1977, . . . TERRY MAX MIKELS . . . committed the infamous crime against nature upon the body of CHARLES FERRIS SPINDLER . . ."

The other defendants entered guilty pleas and the case proceeded to trial against appellant only. At the trial the victim testified that the incident in the shower stall took place around the 12th or 13th of February, 1977. Then, both the victim and a former co-defendant who entered a guilty plea and agreed to testify against appellant the day prior to trial, testified to another act of sodomy upon the victim which took place around the 25th of February, 1977 in a bunk in the cell.

In his final argument to the jury, the prosecutor asked the jury to find appellant guilty of the sodomy which occurred in the bunk and the defense attorney based his final argument to the jury on the same act. It appears that the jury found appellant guilty of the act of sodomy which occurred in the bunk and not the one which took place in the shower.

The issue to be decided is whether the trial court had jurisdiction to try appellant for the sodomy in the bunk when the grand jury indicted appellant for a separate and different act of sodomy which occurred in the shower stall. What makes this case unusual is that there is no variance between the allegations on the face of the indictment and the proof. It is only when one reads the grand jury transcript that it becomes clear that appellant was tried for an offense which was not presented to the grand jury.

■ Appellee justifies the conviction by relying on *Hash v. State,* 48 Ariz. 43, 59 P.2d 305 (1936) and Rule 13.5(b), Arizona Rules of Criminal Procedure. We find such reliance to be misplaced. *Hash v. State,* supra, does not involve the question which is posed here. The rule to which the state alludes states:

"Altering the Charges; Amendment to Conform to the Evidence. The prelimi-

nary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indictment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding."

The state contends that it elected to try appellant on the later act of sodomy and that the indictment was therefore automatically amended under the above rule to conform to the trial evidence. The state's theory is that the grand jury was laboring under a mistake of fact as to where the act took place. We do not agree. This is not a case where only one crime has been committed and there remains a question as to the date on which it occurred or where it occurred. In this case there were two separate and distinct acts of sodomy. The grand jury was not laboring under any mistake of fact. It indicted appellant for the sodomy which took place in the shower stall. It never had before it any evidence concerning the act of sodomy which took place later in the bunk. No amount of judicial sleight of hand can change the fact that appellant was not convicted of the crime for which he was indicted. While the case of *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) concerned a variation between the pleadings and proof, we believe that its reasoning is appropriate to the circumstances here. There the court held that the variation destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. It points out that the very purpose of the requirement that a man be indicted by a grand jury is to eliminate his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. No grand jury in this case has decided that appellant should stand trial for the sodomy which occurred several days later in the bunk.

 Nor do we believe that appellant consented to any amendment of the indictment by allowing testimony as to the sodomy which occurred in the bunk. Such testimony was admissible for the purpose of showing his sexual propensity. See *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973).

The trial court's lack of jurisdiction over the sodomy which occurred in the bunk precludes appellant's conviction. The judgment and sentence are vacated and set aside.

RICHMOND, C. J., and HATHAWAY, J., concurring.