716 P.2d 45

**The STATE of Arizona,**
**Appellee/Respondent,**

v.

**William Sterling CUMMINGS,**
**Appellant/Petitioner.**

**Nos. 2 CA–CR 3602, 2 CA–CR 3726–2PR.**

Court of Appeals of Arizona,
Division 2, Department A.

Nov. 21, 1985.
Review Denied March 11, 1986.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Phoenix, for appellee/respondent.

O'Dowd, Burke & Lundquist, P.C. by Bruce A. Burke, Tucson, for appellant/petitioner.

## OPINION

HOWARD, Judge.

This appeal is consolidated with a petition to review the denial of post-conviction relief, Rule 32, Rules of Criminal Procedure, 17 A.R.S.

Appellant was convicted by a jury of five counts of sexual conduct with a minor under the age of 15 and five counts of molestation of a child under the age of 15.[1] The indictment also charged each of the counts as a prior conviction under A.R.S. § 13–604(H).[2] Appellant was sentenced to con-

---

1. The jury returned verdicts of not guilty on six other counts involving sexual misconduct and deadlocked on two other such counts.

2. This statute provides:
   "Convictions for two or more offenses not committed on the same occasion but consol-idated for trial purposes may, at the discretion of the state, be counted as prior convictions for purposes of this section. Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

current prison terms ranging from 7 to 15.75 years' imprisonment.

Briefly, appellant, a former scout master, met the three victims involved in this case through the Boys Scouts or other neighborhood activities in which appellant was involved. The victims, all male, ranged in age from 12 to 13 years at the times of the crimes, most of which took place at appellant's home. Appellant testified at trial, denying that any of the crimes took place, and contended that he was impotent.

## THE APPEAL

### I.

Appellant contends the trial court erred in failing to grant his motion for judgment of acquittal as to Counts XVI, XVIII, XIX and XX. Each of these counts involved the victim G.B. The state concedes, and we agree, that there is no evidence to support a conviction on Count XVIII.

Count XVI alleges that on or about the month of June 1982, appellant committed sexual conduct with G.B. by engaging in sexual intercourse or oral sex. At the grand jury proceeding, there was evidence that Cummings performed oral sex on G.B. and that thereafter appellant had G.B. promise not to tell about this activity. In contrast, at trial, the only testimony regarding a sexual act between the victim and appellant in June 1982 involved an act of fellatio performed by *the victim* upon appellant.

Count XIX alleges that on or about November 1982, appellant molested G.B. The grand jury testimony indicated that appellant pinned down and masturbated the victim while the victim was reading some magazines. At trial the victim testified that in November 1982 he masturbated appellant.

Count XX alleges that on or about the month of June 1983, appellant engaged in sexual conduct with G.B. At the grand jury proceeding the evidence was that appellant performed anal sex on the victim. A review of the entire testimony of G.B. reveals no mention of anal sex.

Appellant contended in his motion for acquittal and contends here that he cannot be convicted for crimes which were not presented to the grand jury and which did not form the basis for the grand jury's indictment. We agree. In *State v. Mikels*, 119 Ariz. 561, 563, 582 P.2d 651, 653 (App. 1978), we noted:

"In this case there were two separate and distinct acts of sodomy. The grand jury was not laboring under any mistake of fact. It indicted appellant for the sodomy which took place in the shower . stall. It never had before it any evidence concerning the act of sodomy which took place later in the bunk. No amount of judicial sleight of hand can change the fact that appellant was not convicted of the crime for which he was indicted."

### II.

During direct examination of G.B. by the prosecutor the following took place:

"Q  I need to ask you a question, [victim's name]. When you were in Palo Verde Hospital, how come you ended up there in the hospital?

A  Because I couldn't handle what was going on.

MR. TAYLOR: Your Honor, I'm going to object to this.

THE COURT: Oh, the answer may stand. The answer was: Because I couldn't handle what was going on.

Go ahead.

BY MR. LANG:

Q  Could you explain what you mean by that?

MR. TAYLOR: I would object to any further explanation as being immaterial.

THE COURT: No, overruled. Go ahead.

THE WITNESS: I just couldn't handle what Bill had done to me, and I just couldn't understand what was going on.

BY MR. LANG:

Q  Had you even had thoughts up to that time about, you know, committing suicide?

A  Yes.

MR. TAYLOR: Your Honor, I'm going to object to that.

THE COURT: No.

MR. TAYLOR: Ask that it be stricken.

THE COURT: Overruled. The answer may stand.

BY MR. LANG:

Q And had you tried it and that's why you were in the hospital?

A Yes."

Appellant contends that there were two reasons why the foregoing testimony was inadmissible. He first contends that its admission violated his constitutional right of cross-examination. He points out that prior to trial he made a motion to see the medical records of G.B. and that the motion was denied. He contends that he was not able to cross-examine G.B. on the issue of any psychological problems stemming from the incidents. We find that this objection has been waived by failure to assert it at trial. As can be seen, the only objections made by counsel were general objections. Having failed to make the objection at trial, appellant cannot raise the issue on appeal.

█ Appellant also contends that the trial court erred in admitting the testimony because it was immaterial. We do not agree. Appellant denied having any sexual contact with G.B. G.B.'s testimony concerning his mental condition tended to support his testimony that the alleged incidents did, in fact, take place.

### III.

█ Appellant argues that his enhanced sentence pursuant to A.R.S. § 13–604(H) violates Article III of the Constitution of the State of Arizona which provides for the separation of powers between the executive, legislative and judicial branches of the state government. We believe this argument is misconceived. The enhanced penalty provisions of A.R.S. § 13–604(H) are analogous to mandatory sentences, and it is well established that mandatory sentences do not violate Article III because defining crimes and appropriate sanctions for those who commit them is a legislative function.

State v. Faunt, 139 Ariz. 111, 677 P.2d 274 (1984); State v. Marquez, 127 Ariz. 98, 618 P.2d 592 (1980). Appellant does not argue that the statute violates the separation of powers provision because it unlawfully delegates legislative authority to the prosecuting attorney, who has discretion in alleging prior convictions. But if he did make such an argument, it would also have doubtful merit. See State v. Olson, 274 N.W.2d 190 (N.D.1978) and State v. Ternes, 259 N.W.2d 296 (N.D.1977), cert. denied, 435 U.S. 944, 98 S.Ct. 1524, 55 L.Ed.2d 540 (1978).

### IV.

During its deliberations, the jury sent a written request stating that it needed "access to information that would identify specific incidents with specific counts." In the presence of appellant and his counsel, the trial court, in answer to the jury's request, told the jury:

"Now, with respect to relating a specific incident to a specific date let me remind you that in the general instructions I told you that if you find the State has proved beyond a reasonable doubt that a specific offense occurred then the next question is did it occur on or about the period that's alleged in the Indictment. If you find beyond a reasonable doubt that it occurred, then if you find that it occurred within a reasonable period of time around that date that's all that's sufficient, you do not have to be specifically concerned with the specific date as long as you find that it was on or about that date."

After this further instruction was given, appellant objected to it on the grounds that it emphasized one instruction over the others. Appellant did not, however, then request the court to let the jury hear all of the instructions, in their entirety.

Appellant contends on appeal that the trial court's instruction unduly emphasized one instruction and, in addition, he asserts that the instruction was improper because it did not make it clear to the jury that it must find, beyond a reasonable doubt, that

the crime occurred on or about the date alleged in the indictment.

■ As to appellant's first contention, if he were really serious about undue emphasis, he should have requested the trial court to have the instructions played back or given to the jury in their entirety. He did not do so. In any event, the trial court did not unduly emphasize an instruction by giving the jury an additional instruction when it asked for further clarification on a particular facet of the law.

■ Appellant's second objection was never asserted at trial. Regardless of the failure to assert the objection, the instructions, considered as a whole, show that the trial court adequately instructed the jury. The instruction given to the jury prior to its initial deliberations told the jurors that if the evidence showed beyond a reasonable doubt that the crime was committed by the defendant on or about the date charged in the indictment, that was sufficient. We believe that the jury was adequately apprised that it not only had to find beyond a reasonable doubt that the crime was committed but also that it was committed beyond a reasonable doubt on or about the date charged in the indictment.

### THE PETITION FOR REVIEW

Pursuant to A.R.S. § 13–4231 and Rule 32 of the Rules of Criminal Procedure, 17 A.R.S., appellant filed a petition for post-conviction relief alleging four instances of jury misconduct. First, prior to the time the jury began to deliberate, one of the jurors drew on the blackboard in the jury room a picture of somebody hanging. This was done after another juror indicated that he thought appellant was guilty and the jury should hang him. At least seven or eight other jurors agreed with this assessment of appellant's guilt and made statements to that effect during the course of the trial and prior to deliberations. Second, two jurors admitted that they had been molested as children, which had a tremendous effect on them and the other jurors. Third, another juror mentioned a newspaper article discussing a molestation

in California. Finally, one juror was shouted down by the other jurors every time she brought up "reasonable doubt" which, she contends, made it impossible for her to fairly examine the evidence.

■ Appellant contends that the trial court erred by not holding a hearing on his petition for post-conviction relief. We do not agree. The court may dispose of a matter summarily pursuant to Rule 32.6(c), Rules of Criminal Procedure, 17 A.R.S., if the court determines that no material issue of fact or law exists which would entitle the petitioner to relief under the rule and no purpose would be served by any further proceedings. *State v. Carriger*, 132 Ariz. 301, 645 P.2d 816 (1982). Appellant's allegations in his motion for post-conviction relief are supported by jurors' affidavits. We start with Rule 24.1(d); Rules of Criminal Procedure, 17 A.R.S., which states:

"Whenever the validity of a verdict is challenged under Rule 24.1(c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, which relates to the conduct of a juror, official of the court, or third person. No testimony or affidavit shall be received which inquires into the subjective motives or mental processes which led a juror to assent or dissent from the verdict."

Rule 24.1(c)(3) states that the court may grant a new trial if a juror or jurors have been guilty of misconduct by receiving evidence not properly admitted during the trial, perjuring himself or willfully failing to respond fully to a direct question posed during a voir dire examination.

■ Starting first with the two jurors who told the members of the jury that they were molestation victims, it is appellant's contention that they were guilty of misconduct because they failed to disclose this fact to the trial court. The short answer to this contention is that the jurors were never asked whether or not they had been victims of child molestation. Appellant contends that he submitted such a specific question to the trial court but that the trial

court refused to ask the jurors this question. The record discloses this is not true. Specific questions were submitted to the trial court by defense counsel. The trial court conducted its own voir dire examination, however, and invited counsel up to the bench to discuss any other questions that should be asked of the jurors. Appellant at that time had an opportunity to request the court to ask the specific question of which he now complains, but he never did so, nor did appellant make any record before the trial court objecting to its failure to ask the question.

As for the juror who told the other jurors about a newspaper article involving a child molestation case in California, no error was committed by the trial court's failure to hold a hearing. In *State v. McLoughlin*, 133 Ariz. 458, 460–61, 652 P.2d 531, 533–34 (1982), the court stated:

> "A new trial may be granted whenever a juror commits misconduct by '[r]eceiving evidence not properly admitted during the trial.' Ariz.R.Crim.P. 24.1(c)(3)(i). In this context, 'evidence' means any information likely to be considered by the jury in determining the guilt or innocence of the defendant. Thus, the rule encompasses both information received by the jury that could generally be admissible but was not admitted at the trial in question and information that is always inadmissible because it is legally irrelevant, too prejudicial, or the subject of an exclusionary rule or statute."

The foregoing statement in *McLoughlin*, was tempered by a footnote which states:

> "It must be remembered that the rule applies only when the jury receives information from an outside source during the course of the trial or during deliberations. Jurors may rely on their common sense and experiences during deliberations. Even though this information was not admitted at trial, it is discoverable during voir dire. If some action need be taken because of a juror's background, the juror can be stricken for cause or an attorney can use a peremptory strike. But when a juror receives outside information after being impaneled, that juror is no longer the person approved for jury duty by the voir dire process." 133 Ariz. at 461, 652 P.2d at 534.

The juror's statement here did not involve extrinsic evidence pertaining to the very case under deliberation, see *State v. Poland*, 132 Ariz. 269, 645 P.2d 784 (1982); nor did it involve the possible penalty, see *State v. McLoughlin*, supra. The affidavit did not state when the newspaper article came to the attention of the juror alleged to be guilty of misconduct, nor did the affidavit state what this juror said about the California case. The trial court did not err in failing to hold the hearing.

As for the remaining complaints of jury misconduct, since they are not of the type which may be raised under Rule 24.1(c), the trial court did not err in failing to proceed to any further inquiry. See *State v. Smith*, 122 Ariz. 58, 593 P.2d 281 (1979).

The convictions and sentences on Counts XVI, XVIII, XIX and XX are vacated, and the court is instructed to enter verdicts of not guilty on these counts. The remaining convictions and sentences are affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.