775 P.2d 1129

The STATE of Arizona, Appellee,

v.

**Suzanne M. PRENTISS, Appellant.**

**No. 2 CA–CR 87–0419.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 4, 1988.

Review Granted Sept. 15, 1988.

Frederick S. Dean, City Attorney by M.J. Raciti, Tucson, for appellee.

O'Brien and Associates by Russell E. Hughes, Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

In *State v. Jones,* 142 Ariz. 302, 305, 689 P.2d 561, 564 (App.1984), we held that the legislature could not, without violating the constitutional doctrine of separation of powers, "give the prosecuting attorney the authority, after a conviction, to decide what the punishment shall be." Accordingly, we found unconstitutional that portion of A.R.S. § 28–692.01(C) permitting the sentencing judge to dispense with a mandatory one-day jail sentence for driving while intoxicated "upon the prosecutor's recommendation." The statutory section has since been recast to limit the judge's ability to dispense with the mandatory jail sentence to those cases where the prosecutor has alleged the mitigating circumstances in that section. The question presented by this appeal is whether *State v. Jones* requires us to find the amended statute unconstitutional. We agree with the trial court that it does not and affirm.

Prosecutorial discretion to make allegations that may limit a trial judge's discretion in sentencing does not violate the constitutional separation of powers. *State v. Cummings,* 148 Ariz. 588, 716 P.2d 45 (App.1985); *State v. Buchholz,* 139 Ariz. 303, 678 P.2d 488 (App.1983). We see no distinction between allegations of prior convictions or of the dangerous nature of an offense which, if proven, mandate a prison sentence and the failure to allege mitigating circumstances which then mandates a one-day jail sentence. That form of prosecutorial power is not unconstitutional. *State v. Jones, supra,* stands for no more than that a prosecutor cannot control sentencing after conviction, not that his charging decision may not control sentencing discretion.

Affirmed.

ROLL and FERNANDEZ, JJ., concur.