786 P.2d 932

STATE of Arizona, Appellee,

v.

Suzanne M. PRENTISS, Appellant.

No. CR–88–0148–PR.

Supreme Court of Arizona,
En Banc.

Nov. 9, 1989.

Reconsideration Granted in Part and
Denied in Part and Opinion Modified
Feb. 15, 1990.*

* Chief Justice Gordon and Justice Moeller did not participate in the determination of the motion for reconsideration.

Frederick S. Dean, Tucson City Atty. by Christopher L. Straub, M.J. Raciti and R. William Call, Asst. City Prosecutors, Tucson, for appellee/respondent.

Law Office of John A. O'Brien, P.C. by Russell E. Hughes, Tucson, for appellant/petitioner.

Roderick G. McDougall, Phoenix City Atty. by David A. Winsten and Samuel K. Lesley, Asst. City Prosecutors, Phoenix, for amicus curiae.

CLABORNE, Court of Appeals Judge, Department A.

We review a decision of the court of appeals which affirmed defendant's conviction and sentence. *State v. Prentiss*, 161 Ariz. 65, 775 P.2d 1129 (App.1988). We have jurisdiction in accordance with article 6, section 5(3) of the Arizona Constitution, A.R.S. § 12–120.24 and Rule 31.19, Arizona Rules of Criminal Procedure.

The facts are not in dispute. Ms. Suzanne Prentiss (defendant) was charged in Tucson City Court with operating a motor vehicle on August 7, 1986, while she was under the influence of intoxicating liquor pursuant to A.R.S. § 28–692(A) or while there was 0.10% or more alcohol concentration in her blood pursuant to A.R.S. § 28–692(B).

On November 6, 1986, Prentiss was tried before a jury and found guilty of operating a motor vehicle while there was 0.10% or more of alcohol concentration in her blood or breath (A.R.S. § 28–692(B)).

On November 21, 1986, Prentiss was sentenced to serve nine months unsupervised probation; pay a fine in the amount of $250.00; enroll in an impaired driver's program and pay the fee for that program in the amount of $75.00. Her driver's license was suspended for ninety days.

The prosecutor did not allege "alternative sentencing provisions" (mitigating circumstances) at the time of sentencing pursuant to A.R.S. § 28–692.01(C) which provides:

> Notwithstanding subsection B of this section, the judge may sentence a person who is convicted of a violation of § 28–692 pursuant to subsection D of this section instead of pursuant to subsection B of this section *if the prosecutor alleges the provisions of this subsection* and the judge finds that such alternative sentencing will serve the best interests of the state, and that the person:
>
> 1. Has not been convicted of one or more violations of § 28–692 within sixty months of the date of commission of the acts out of which the charges arose. The dates of commission of the offense are the determining factor in applying this paragraph.
>
> 2. Was not driving with 0.20 or more alcohol concentration in his blood or breath. In this paragraph "alcohol concentration" means grams of alcohol per one hundred milliliters of blood or grams of alcohol per two hundred ten liters of breath.
>
> 3. Did not cause serious physical injury, as defined in § 13–105, paragraph 30, to another person during the same event or course of conduct which resulted in the conviction for which the person is to be sentenced.

(emphasis added).

Although Prentiss had not been convicted of an A.R.S. § 28–692 violation within sixty months of the date of the charge, had not been driving with 0.20% or more by weight of alcohol in her blood, and caused no personal injury as a result of her driv-

ing, the prosecutor refused to "allege" these circumstances. A prosecutorial allegation is required before the court may apply A.R.S. § 28–692.01(D).[1]

The prosecutor refused to "allege" the provisions of A.R.S. § 28–692.01(C) because Prentiss rejected the state's plea and elected to exercise her right to a trial. *See* appendix. The policy of the city prosecutor's office was to allege the statutory mitigating circumstances *only* if a guilty plea agreement had been executed or agreed to by the defendant. Both the prosecutor and the amicus curiae City of Phoenix take the position that the statute's intent is to facilitate favorable prosecutorial plea bargaining. They contend this policy provides for prosecutorial and judicial economy because a trial on the merits is avoided.

The defendant appealed her conviction to the superior court. Judge Fahringer affirmed the conviction and remanded the matter to the municipal court for resentencing. The superior court said:

> With respect to the Appellee's Cross Appeal, *State vs. Jones*, 142 Az. 302 [sic] [689 P.2d 561] (App.1984), makes clear that it is unconstitutional to limit a judge's ability to impose a mitigated sentence to instances in which the prosecutor makes a post-trial "recommendation." *Jones* is not, however, dispositive of the difficult question presented in this case— the constitutionality of a statute requiring a prosecutorial "allegation" of the applicability of A.R.S. § 28–692.01(C) before a mitigated sentence may be imposed. If the word "allegation" is interpreted as meaning a formal pretrial pleading, which is the interpretation this Court places on it, this Court is unable to find any meaningful distinction between such a procedure and the well estab-

lished procedure of the prosecutorial filing of pretrial allegations of dangerous nature, prior convictions, and the commission of offenses while on bond....

> The Trial Court abused its discretion in sentencing the defendant pursuant to A.R.S. § 28–692.01(D) absent an appropriate allegation by the prosecutor.

Minute entry dated 8/27/87.

The defendant appealed, and division two of the court of appeals affirmed the superior court. The appellate court said:

> We see no distinction between allegations of prior convictions or of the dangerous nature of an offense which, if proven, mandate a prison sentence and the failure to allege mitigating circumstances which then mandates a one-day jail sentence. That form of prosecutorial power is not unconstitutional. *State v. Jones*, [sic] *supra*, stands for no more than that a prosecutor cannot control sentencing after conviction, not that his charging decision may not control sentencing discretion.

*State v. Prentiss*, 161 Ariz. 65, 66, 775 P.2d 1129, 1130 (App.1988). It is with this characterization that we disagree.

The issues raised by defendant concern whether A.R.S. § 28–692.01(C) violates the constitutional concepts of separation of powers, equal protection and/or substantive due process. We believe the essence of the argument concerns the division of the power to make law and the power to execute that law once made.

A.R.S. § 28–692.01(C) limits the use of mitigating circumstances in criminal sentencing by the judicial branch (municipal judge) to those instances when the specific mitigating circumstances have been exclusively alleged by the executive branch (the

---

**1.** If a judge orders, pursuant to subsection C of this section, a person convicted of a violation of § 28–692 to be sentenced pursuant to this subsection the judge shall order the person to pay a fine of not less than two hundred fifty dollars and may order the person to perform not less than eight nor more than twenty-four hours of community service. The court shall require the person to attend alcohol abuse classes or, if the screening or treatment facility determines the person has the problem of habitual abuse of

alcohol or drugs, the court shall require the person to obtain treatment under its supervision by a treatment facility approved by the division of behavioral health in the department of health services. An offender who has sufficient financial ability shall pay the cost of his classes or treatment. The judge shall not suspend any part or all of the imposition or execution of any sentence required by this subsection.

A.R.S. § 28–692.01(D).

prosecutor). This statute prohibits a judge from using those mitigating circumstances when sentencing a first offense violator of A.R.S. § 28–692 unless alleged by the prosecutor.

We believe there is a substantial difference between the legislature's right to fix a sentencing range, and thereby limit sentencing discretion, and the legislature's right to forbid the court's examination of the nature of the act committed and the person committing it once judicial discretion is allowed. *See State v. Garcia,* 141 Ariz. 97, 104, 685 P.2d 734, 741 (1984) (Feldman, J. dissenting).

The constitutional provision which governs the allocation of governmental power in our state is set forth in article 3 of the Arizona Constitution. It provides:

> The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

At least two views may be advanced concerning our constitution and the separation of powers provision. One view is that the provision performs two functions: allocation of power among several (three) components of government which compete for power and, secondly, the protection of individual liberties. The second view is simply that article 3 is part of an overall constitutional scheme to protect individual rights and that the "power allocation" is but a part of that overall objective. We seem to follow this latter view. *Mecham v. Gordon,* 156 Ariz. 297, 751 P.2d 957 (1988). *See* Lee, *Preserving Separation of Powers: A Rejection of Judicial Legislation Through the Fundamental Rights Doctrine,* 25 Ariz.L.Rev. 805 (1983).

As we have previously recognized, sentencing power has been divided among the three branches of government.

> The court in *Pakula,* supra, pointed out that control of the sentencing process was balanced among the legislative, executive, and judicial branches of government:

> " * * * The legislature sets the sentencing limits and distributes the authority to control the sentence, within those limits, in the courts, correctional authority, and the parole board. When a trial court attempts to mix periods of state imprisonment followed by probation it places the court in possible conflicts with the executive department since the control of the length and type of confinement has been granted to that department. The parole board can grant parole with supervision in the corrections department, and the efforts of the executive department in a rehabilitation effort may not be in harmony with the objectives of the court's probation department. * * * "

*State v. Jones,* 124 Ariz. 24, 26, 601 P.2d 1060, 1062 (1979) (quoting *State v. Pakula,* 113 Ariz. 122, 125, 547 P.2d 476, 479 (1976)) (citation omitted).

Although article 3 seems to require a strict compartmentalization of the use of power, practicality clearly dictates otherwise. For example, when the legislature was faced with creating a new groundwater code, it provided for procedural rules, the appointment of masters, and other procedural requirements to implement a broad sweeping change in the manner in which Arizona managed its life-blood—water. These provisions created by the legislature assisted the judiciary in coping with the task assigned to it. Only when the legislative enactment "unreasonably limits or hampers" the judicial system in performing its function is article 3 violated. *United States v. Superior Court,* 144 Ariz. 265, 278, 697 P.2d 658, 671 (1985). See also an excellent discussion of separation of powers in *J.W. Hancock Enterprises, Inc. v. Ariz. State Registrar of Contractors,* 142 Ariz. 400, 404–06, 690 P.2d 119, 123–25 (App.1984).

■ The separation of powers does not require a "hermetic sealing off" of the three branches of government. There are common boundaries among the legislative, executive and judicial branches. The man-

date of the doctrine is to protect one branch against the overreaching of any other branch. *Hustedt v. Workers' Compensation Appeals Bd.*, 30 Cal.3d 329, 333, 178 Cal.Rptr. 801, 805–06, 636 P.2d 1139, 1143 (1981).

■ The legislature has the exclusive power to declare what the law shall be. *Wilson v. Ind. Comm'n*, 147 Ariz. 261, 265, 709 P.2d 895, 899 (App.1985). It usurps the functions of the court only when it declares the meaning of an existing law. *Id.* The legislature determines what is a crime and what punishment may be exacted for its breach. *State v. Marquez*, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980). The legislature may also constitutionally venture into the uncertain world of alleging prior convictions to enhance a sentence. *State v. Buchholz*, 139 Ariz. 303, 678 P.2d 488 (App.1983).

■ Furthermore, the executive branch has the power to decide what criminal charges to file, *State v. Frey*, 141 Ariz. 321, 324, 686 P.2d 1291, 1294 (App.1984); the power to enhance punishment, *State v. Cummings*, 148 Ariz. 588, 591, 716 P.2d 45, 48 (App.1985); and the power to decide what evidence of *aggravating* circumstances to offer at sentencing, *State v. Murphy*, 113 Ariz. 416, 418, 555 P.2d 1110, 1112 (1976).

Finally, long ago we recognized that courts as an institution are not involved in the wisdom of the legislation. Their sole interest is focused on whether the legislation runs contrary to constitutional guarantees and whether it is arbitrary and unreasonable. *Francis v. Allen*, 54 Ariz. 377, 381, 96 P.2d 277, 279 (1939).

The prosecutor and the amicus curiae claim that after *State v. Jones*, 142 Ariz. 302, 689 P.2d 561 (App.1984), the legisla-

ture amended A.R.S. § 28–692.01(C) by deleting the word "recommend" and inserting in its place the word "allege" so that the statute conferred on the prosecutor the power to allege pretrial facts no different from the power to allege prior convictions to enhance punishment.[2]

■ We are compelled, then, to ask this question: Does A.R.S. § 28–692.01(C) overreach the power given to the legislature to define and punish criminal conduct by restricting the right of the court to consider mitigating circumstances, and thus limiting the power of the court to exercise its discretion?

We believe it does. The cornerstone upon which *Jones* is predicated is that the legislature cannot, through an executive agent, restrict the judiciary from deciding what a sentence should be. The legislature may mandate that in all cases a person convicted under A.R.S. § 28–692 must serve at least one day in jail no matter what the mitigating circumstances. But once the legislature provides the court with the power to use sentencing discretion, the legislature cannot then limit the court's exercise of discretion by empowering the executive branch to review that discretion. *Rhoney v. Mun. Court*, 194 Cal.App.3d 292, 239 Cal.Rptr. 419 (1987); *State ex rel. Schillberg v. Cascade Dist. Court*, 94 Wash.2d 772, 777, 621 P.2d 115, 120 (1980); *People v. Navarro*, 7 Cal.3d 248, 254–56, 102 Cal.Rptr. 137, 143–45, 497 P.2d 481, 487–89 (1972).[3] Whether a prosecutor "recommends" or "alleges" the alternative sentencing provisions is irrelevant.

A.R.S. § 28–692.01(C) further unduly hampers and unreasonably limits the function of the judiciary to carry out its duty to impartially administer justice. The city prosecutors have admittedly used this sec-

---

**2.** They also claim that the legislature clearly intended that this section be used in the plea bargaining process involving prosecutions of first offenders of A.R.S. § 28–692. As to this allegation, we have reviewed the legislative record and find no explicit reference to the intended purpose of this section.

**3.** There are some federal courts which have approved statutes which empower a prosecutor

to move to reduce a sentence below the statutory minimum which a court may impose in exchange for "defendant cooperation" in prosecuting drug cases. Yet these same courts make it clear that such a statute does not encroach on the judicial power to consider mitigating circumstances in the sentencing process. *U.S. v. Musser*, 856 F.2d 1484 (11th Circuit 1988); *U.S. v. Huerta*, 878 F.2d 89 (2d Circuit 1989).

tion to obtain plea bargains and avoid trials by failing to allege mitigating circumstances which might alter a judge's sentence. In our view, such a policy may encourage unethical conduct in other cases.

Ethical Rule 3.8 of the Arizona Rules of Professional Conduct provides in pertinent part:

The prosecutor in a criminal case shall: (d) ... in connection with sentencing, disclose to the defense *and to the tribunal*[4] all unprivileged mitigating information known to the prosecutor,....

(emphasis supplied).

■ When this rule is coupled with the requirement that a prosecutor is held to a higher standard of conduct than an ordinary attorney, and that a prosecutor's duty is to seek justice and not intentionally avoid providing evidence which *might* damage his case or aid the accused, it is clear that refusal to allege mitigating circumstances which the sentencing judge might consider meddles unduly with judicial power. *State v. Noriega,* 142 Ariz. 474, 486, 690 P.2d 775, 787 (1984); *State v. Fisher,* 141 Ariz. 227, 244 n. 5, 686 P.2d 750, 767 n. 5, *cert. denied,* 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984). The duty of a sentencing judge is to consider both aggravating and mitigating circumstances in order to arrive at a just sentence. Any rule which inhibits a lawyer at sentencing from revealing, recommending, alleging or discussing mitigating circumstances with that judge fosters injustice.

Clearly, by enacting A.R.S. § 28–692.01(C), the legislature overreached the legislative power given to it in article 3. Allowing the executive branch to decide whether a defendant should have the benefit of circumstances which could reduce his or her sentence restricts the power of the judiciary to perform its constitutional mandate. To this extent, this provision of the statute is unconstitutional.

■ Before holding the statute as a whole unconstitutional we must declare what is severable and what is not. An entire statute should not be declared unconstitutional if the constitutional portions of the statute can be separated from that which is unconstitutional. *Cohen v. State,* 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978). The test as to severability is well settled in this state. We said in *Selective Life Ins. Co. v. Equitable Life Assurance Soc'y,* 101 Ariz. 594, 422 P.2d 710 (1967):

[W]here the valid parts of a statute are effective and enforceable standing alone and independent of those portions declared unconstitutional, the court will not disturb the valid law if the valid and invalid portions are not so intimately connected as to raise the presumption the legislature would not have enacted one without the other, and the invalid portion was not the inducement of the act.

*Id.* at 599, 422 P.2d at 715. *See also Cohen v. State,* 121 Ariz. 6, 588 P.2d 299 (1978).

■ As we said earlier there is no legislative history which would guide us concerning legislative intent. However, if there is no clear record of legislative objective and intent, the most reliable evidence of that intent is the language of the statute. *State ex rel. Corbin v. Pickrell,* 136 Ariz. 589, 595, 667 P.2d 1304, 1309 (1983). *See also U.S. v. Turkette,* 452 U.S. 576, 593, 101 S.Ct. 2524, 2534, 69 L.Ed.2d 246, 261 (1981).

The provisions of A.R.S. § 28–692.01(C) and (D) seem clear that the legislature was providing a method to allow a sentencing judge to use his discretion and mitigate a sentence that would otherwise be completely unjust. There are a myriad of circumstances which would dictate against imposing the mandatory sentence required under A.R.S. § 28–692.01(B). As we said in *State v. Watson,* 120 Ariz. 441, 586 P.2d 1253 (1978):

We can presume that had the legislature been aware of the unconstitutionality of the limitation on mitigating circumstances, they would have enacted the remainder of the statute without what is now the offending portion.

*Id.* at 445, 586 P.2d at 1257.

Eliminating the offending phrase "the prosecutor alleges the provisions of this

---

4. Full disclosure was made by the prosecutor in the case at bench.

subsection and" leaves the remainder of subsection (C) and (D) operative. It provides the judge with an opportunity to exercise his discretion within a sentencing range.

Therefore, we hold that the phrase "the prosecutor alleges the provisions of this subsection and" be severed. The balance of the statute remains in full force and effect.[5]

The judgment of the court of appeals is hereby vacated. The sentence of the municipal judge is reinstated.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

Justice JAMES MOELLER did not participate in this matter. John L. CLABORNE, Judge, Court of Appeals, Division One, was designated to sit in his place under Ariz. Const. art. 6, § 3.

### APPENDIX

Ms. O'Mara: Well, just with respect to the sentence that's to be imposed, uh, I just wanted to show for the record that the State is not alleging the provisions of § 28–692.01(c) and (d), not alleging that the defendant has been offered a plea offer before the time of the jury trial. It was understood as all plea bargains, plea bargains end at the time of the jury trial, defendant has rejected our plea offer. Our plea offer had included that we would amend the complaint by alleging § 28–692.01(c), which the State contends is actually an amendment to the complaint. That offer ended with the trial, with the defendant's rejection and the decision to go to trial. As happens in many cases, certainly in (inaudible) cases, allegations that affect sentencing in far more drastic ways than this allegation affects sentencing are made or withheld by the Prosecutor and that that is the

Prosecutor's right to make allegations or withhold them.... The Legislature went back in and amended the statute and the statute now says, "And the Prosecutor alleges" and we think that that does make a difference. It was the legislative intention that we have plea bargaining power. In other words that we can give the no jail sentence and the work permit on the license suspension. We have that as a plea bargaining power. Something for the Prosecutor to have something that would be a bargaining chip and I think that if they said so that it is an allegation and an amendment to the complaint and now that the trial has been had it's too late even to amend the complaint.

Defense counsel's response followed.

Mr. Braun: All right. Your Honor, first of all, on the subsection (d) sentencing, uh, had Ms. Prentiss decided to do a change of plea she would have been entitled to a subsection (d) sentence. I don't, I disagree with Ms. O'Mara's reading of this, the legislative intent of the statute. I find it incredible to believe that the City Prosecutor's office is actually saying that the Legislature intended to punish people for exercising their constitutional rights at trial and I cannot believe that just because they say so that that was the Legislature's intent. Uh, Ms. Prentiss would have been entitled to alternative sentencing and I believe that she should be sentenced accordingly.

---

**5.** A.R.S. § 28–692.01(C) and (D) have identical provisions for statutes which apply until January 1, 1990 and the section which is effective January 1, 1990, ante. Naturally, this decision would apply not only to the section effective until January 1, 1990, but also the one effective thereafter since they were both passed and in existence at the time the constitutional issue was raised.