NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY GLENN BUCHOLTZ, *Appellant.*

No. 1 CA-CR 15-0833
FILED 10-27-2016

Appeal from the Superior Court in Maricopa County
No. CR2015-110066-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Frances J. Gray
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

D O W N I E, Judge:

¶1          Jeffrey Glenn Bucholtz ("Defendant") appeals his convictions and sentences for five counts of sexual conduct with a minor, two counts of molestation of a child, and four counts of sexual abuse — all dangerous crimes against children.   For the following reasons, we vacate one conviction, remand one count for resentencing, and affirm the remaining convictions and sentences.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2          In March of 2015, a grand jury indicted Defendant on 11 counts of sexual offenses committed between May 1, 2008 and July 31, 2011, when the victim (who was born in July 1998) was between the ages of nine and 13.  After the victim testified at trial, the State filed a Motion to Amend the Indictment to Conform to the Evidence, seeking to amend the date range for the offenses alleged in counts 3, 4, and 5.  Over Defendant's objection, the trial court granted the motion, amending the date range for those three counts to between May 1, 2010 and July 31, 2012.

¶3          The jury found Defendant guilty on all counts.  The court imposed a combination of concurrent and consecutive prison terms, including — for two of the five convictions for sexual conduct with a minor — consecutive life sentences without the possibility of release for 35 years. Defendant timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

---

[1]     We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

**DISCUSSION**

I.   **Amended Indictment**

¶4      Counts 3–5 of the indictment charged Defendant with sexual conduct with a minor, molestation of a child, and sexual abuse respectively. Defendant contends the superior court erred by permitting the State to amend the date range for these counts after the victim testified at trial about her age at the time of the offenses.

¶5      In granting the State's motion to amend, the superior court did not specifically state the portion of Arizona Rule of Criminal Procedure ("Rule") 13.5(b) upon which it relied. The State's motion argued both a "formal or technical defect" in the indictment, as well as a request to amend the indictment to conform to the victim's trial testimony. We will affirm the superior court's ruling if it was correct for any reason. *See State v. Swanson,* 172 Ariz. 579, 585 (App. 1992).

¶6      Rule 13.5(b) governs the amendment of criminal charges and provides, in pertinent part:

> The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding.

"We review for an abuse of discretion a court's decision to permit the amendment of an indictment." *State v. Buccheri-Bianca*, 233 Ariz. 324, 329, ¶ 16 (App. 2013).[2]

¶7      The dates of the count 3–5 offenses are not elements of the charged crimes, so amending the date range did not lead to substantively

---

[2]      Citing *State v. Freeney*, 223 Ariz. 110, 114, ¶ 26 (2009), Defendant contends we should apply a harmless error standard of review. *Freeney* though, addressed the portion of Rule 13.5(b) dealing with technical or formal charging defects, not the portion governing amendments to conform to the evidence. As our discussion *infra* reflects, the record supports a determination that the amendment conformed to the trial evidence, did not charge Defendant with a new offense, and did not cause demonstrable prejudice.

different charges. *See State v. Jones*, 188 Ariz. 534, 544 (App. 1997) ("An error as to the date of the offense alleged in the indictment does not change the nature of the offense, and therefore may be remedied by amendment."). Nor did Defendant establish prejudice stemming from the amendment.[3] The record does not suggest Defendant's trial defense was affected by the amendment. Defendant claimed that he never engaged in inappropriate conduct with the victim and emphasized her purported lack of credibility and the absence of corroborating evidence. When the superior court inquired whether there was additional discovery the defense would have conducted or whether a trial continuance was necessary to "conduct additional discovery or additional investigation," defense counsel responded in the negative. Ultimately, the court ruled:

> I'm not sure what the Defendant would have done differently. There's . . . a vague allegation that this might have affected his decision whether to testify on his behalf or not, but nothing more specific than that. . . . I don't see that the Defendant is prejudiced.
>
> He's not been able to . . . point to any particular investigation he might have conducted, had he known that these -- this was the date range the State was alleging earlier, and he's not requesting time to conduct any additional investigation or to decide further whether he wishes to testify on his behalf.

The superior court's ruling is supported by the record.

**¶8**        Defendant's reliance on *State v. Johnson*, 198 Ariz. 245 (App. 2000), and *State v. Mikels*, 119 Ariz. 561 (App. 1978), is unavailing. In *Johnson*, the defendant was convicted of sexual conduct with a minor based on the victim's trial testimony that he penetrated her vagina with his penis. *Johnson*, 198 Ariz. at 246–47, ¶¶ 1–3. Because the indictment had alleged *digital* penetration, the State moved to amend the charge to conform to the victim's testimony. *Id.* at 247, ¶ 3. The superior court granted the motion. *Id.* On appeal, this Court reversed, holding that Johnson lacked sufficient opportunity to defend against the amended count because "the acts

---

[3]        Indeed, the amended date range for count 3 meant that Defendant was subject to a presumptive 20-year sentence, rather than the mandatory life sentence required if the victim had been 12 or younger, as the date range initially charged reflected. *See* A.R.S. §§ 13-705(A), (C).

described in [the victim's] testimony differed from the acts alleged in the information." *Id.* at 248, ¶ 11.

¶9　　　In *Mikels*, the defendant was indicted on one count of sodomy based on an act allegedly occurring in a jail shower. 119 Ariz. at 562. At trial, however, the victim testified regarding two incidents of sodomy — one occurring in the shower and the other occurring on a later date in a jail cell. *Id.* During closing arguments, the prosecutor argued for a conviction based on the jail cell incident. *Id.* This Court vacated the conviction, concluding "there were two separate and distinct acts of sodomy" at issue and that Mikels had been convicted of a crime with which he had not been charged. *Id.* at 563.

¶10　　　The circumstances here are materially different. The victim's trial testimony was consistent with counts 3–5 of the indictment, which alleged digital penetration, sexual contact, and touching the victim's breast in her bedroom. *See* A.R.S. § 13-1401(A)(3) (defining "sexual contact," in relevant part, as "direct or indirect touching, fondling or manipulating of any part of the genitals"). Only the date range was different.

¶11　　　Because the victim testified that the incidents alleged in counts 3–5 occurred when she was in the eighth grade, and absent demonstrable prejudice to the defense, the superior court did not err by amending the date range to reflect that time frame. *See State v. Self*, 135 Ariz. 374, 380 (App. 1983) (permissible to amend date of alleged offense at close of evidence).

## II.　　Lesser-Included Offense Instruction

¶12　　　Counts 1, 3, and 8 charged Defendant with sexual conduct with a minor. As to those counts, Defendant argues the court should have instructed the jury on the lesser-included offense of child molestation. Defendant did not request such an instruction at trial. We therefore review for fundamental error. *State v. Tschilar*, 200 Ariz. 427, 437, ¶ 39 (App. 2001). To prevail under this standard of review, Defendant must establish that error occurred, the error was fundamental, and the fundamental error resulted in prejudice. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

¶13　　　Sexual conduct with a minor prohibits "penetration into the . . . vulva . . . by any part of the body or by any object or masturbatory contact with the . . . vulva," and molestation of a child criminalizes "touching, fondling or manipulating of any part of genitals." A.R.S. §§ 13-401(A)(3), (4), -1405(A), -1410(A); *State v. Ortega*, 220 Ariz. 320, 328, ¶ 24 (App. 2008). Thus, molestation of a child is a lesser-included offense of sexual conduct

with a minor under the age of 15. *Ortega*, 220 Ariz. at 328, ¶ 25. To be entitled to the lesser-included molestation instruction for counts 1, 3, and 8, though, "the evidence must be such that a rational juror could conclude that defendant committed only the lesser offense." *State v. Wall*, 212 Ariz. 1, 4, ¶ 18 (2006).

**¶14** The victim testified that on three separate occasions, Defendant penetrated her vulva or vagina with his finger. *See State v. Marshall*, 197 Ariz. 496, 506, ¶ 39 (App. 2000) ("Of course, one cannot penetrate the vagina without also contacting or penetrating the vulva."). Defendant did not claim that he molested the victim, but did not engage in sexual conduct with her. Based on the evidence before it, no rational juror could conclude Defendant committed "only" molestation in connection with counts 1, 3, and 8. Defendant was thus not entitled to the lesser-included jury instruction, and the court did not err, let alone commit fundamental error resulting in prejudice, by failing to *sua sponte* instruct on molestation as a lesser-included offense of sexual conduct with a minor. Indeed, giving the molestation instruction *sua sponte* could have infringed on Defendant's trial strategy. *See State v. Vowell*, 25 Ariz. App. 404, 405 (1976).

## III.    Count 1 Sentence

**¶15** Defendant argues the court erred in imposing a life sentence for count 1 because the jury made no finding that the conduct underlying the offense was not masturbatory contact. We disagree.

**¶16** Although masturbatory contact is sufficient to prove sexual conduct with a minor, such a conviction involving a victim under 12 years of age gives the trial court discretion to impose a life sentence or a presumptive prison sentence of 20 years. A.R.S. §§ 13-705(A), (B), -1401(A)(4), -1405(A). A conviction for sexual conduct with a child younger than 12 and involving penetration mandates a life sentence. A.R.S. § 13-705(A).

**¶17** As noted, the trial evidence established that Defendant penetrated the victim's vulva with his finger, and, based on that act, the State sought a conviction on count 1. The signed verdict form for count 1 describes the criminal conduct as "digital penetration." The jury thus found that penetration, not masturbatory contact, was the basis for the count 1 conviction. Under these circumstances, the court did not err by imposing a life sentence for count 1.

## IV.    Count 9

¶18      Defendant argues his conviction on count 9 must be set aside because the court gave the jury a verdict form describing conduct constituting sexual conduct with a minor rather than sexual abuse — the offense charged in the indictment.[4]   The State concedes error, arguing "count 9 should be vacated."

¶19      The verdict form for count 9 reflects that the jury found Defendant guilty of committing "oral sexual contact in the living room between 7/1/2009 — 7/31/2011."   Count 9 of the indictment, however, alleged that Defendant committed sexual abuse by touching the victim's breast.  Because Defendant was convicted of an act with which he was not charged, we vacate his conviction on count 9.  *See State v. Cummings*, 148 Ariz. 588, 590 (App. 1985) (A defendant "cannot be convicted for crimes which were not presented to the grand jury and which did not form the basis for the grand jury's indictment.").

## V.    Count 10

### A.    Sufficiency of the Evidence

¶20      In its count 10 verdict, the jury found that Defendant committed the charged act of sexual conduct with a minor "between 7/1/2009 — 7/31/2011."   Defendant contends the court should not have submitted this count to the jury because the State failed to prove when the alleged offense occurred.  The State responds that the date of the crime is not an element of the count 10 offense and that the charged act "occurred during a discrete time-frame reflected in the record."

¶21      The superior court recognized that the State had not established a specific date for the count 10 offense, but noted that the victim testified regarding a range of dates for all of the charged offenses.  The court ruled:

> There's a discrete range of time within which [the victim] claimed all of the acts took place, and that was only four years apart.   The Court finds that a reasonable jury could find

---

[4]      Defendant also contends the court should have granted his motion for judgment of acquittal as to count 9.  Because we are vacating the count 9 conviction on other grounds, we need not address this argument.

beyond a reasonable doubt that the indicted offenses took place between the times alleged by the State.

¶22        The record supports this determination.   As Defendant acknowledges, "the State need not prove a specific date if it is alleged that an offense occurred 'on or about' a given date." *See, e.g.*, *State v. Verdugo*, 109 Ariz. 391, 392 (1973) ("It has been held repeatedly that it is sufficient under the law that the precise time of the act is unnecessary to be proven, if it is alleged that it occurred 'on or about' a given date.").  And Defendant concedes the jury could "conclude that Count 10 occurred sometime between the ages of 9 and 14."  Although this broad date-span creates a problem in the context of sentencing for count 10, which we discuss *infra*, it did not require the superior court to grant the motion for judgment of acquittal on that count.

### B.        Life Sentence

¶23        The parties agree that the superior court erred by imposing a life sentence for count 10.  As the State concedes, there was not "sufficient evidence that the victim was twelve at the time of the [count 10] offense."

¶24        A life sentence is mandatory for sexual conduct with a minor if the victim is "twelve years of age or younger."  A.R.S. § 13-705(A).  But if the victim is 12, 13, or 14 years of age, the presumptive sentence is 20 years' imprisonment.  A.R.S. § 13-705(C).  We therefore vacate the life sentence imposed for count 10 and remand that count to the superior court for resentencing consistent with 13-705(C), which governs convictions for sexual conduct with a minor aged 12, 13, or 14.

## VI.    Resentencing on Remaining Counts

¶25        The State contends that because we are vacating the life sentence imposed for count 10, Defendant must be resentenced on the remaining counts.  We disagree.  Although the superior court stated that some of the concurrent sentences it imposed were appropriate "because the amount of time [Defendant will] be serving is already beyond the natural lifetime of any individual alive today," our decision leaves undisturbed Defendant's life sentence for count 1, and, on remand, the superior court will resentence Defendant on count 10 — necessarily taking into account the overall effect of the sentences imposed.

**CONCLUSION**

**¶26** For the foregoing reasons, we vacate Defendant's conviction for count 9 and vacate the life sentence imposed for count 10, remanding count 10 for resentencing. In all other respects, we affirm Defendant's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA