139 Ariz. 111 (1984)
677 P.2d 274
STATE of Arizona, Appellee,
v.
Harry John FAUNT, Appellant.
No. 5982.
Supreme Court of Arizona, In Banc.
February 3, 1984.
*112 Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.
Ross P. Lee, Maricopa County Public Defender, Michael G. Sullivan, Arthur G. Hazelton, Deputy Public Defenders, Phoenix, for appellant.
GORDON, Vice Chief Justice:
This is an appeal from the trial court's denial of Harry John Faunt's request to withdraw from a plea agreement and from the trial court's rejection of defense counsel's argument that A.R.S. § 13-604.01 is unconstitutional. Counsel for appellant has filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969), and requests this Court to search the record for fundamental error pursuant to A.R.S. § 13-4035. After filing of counsel's brief, this Court entered an order granting appellant an additional period of time within which to file his own supplemental brief raising any additional points he might choose to bring to this Court's attention. No supplemental brief has been filed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 13-4031.
On March 21, 1983, the Maricopa County Grand Jury returned an indictment charging appellant with seven counts of sexual assault, one count of kidnapping and three counts of aggravated assault. Each count was designated as a dangerous offense in violation of A.R.S. § 13-604(K). On April 6, the state filed an Addendum to Information alleging that the offenses were committed while appellant was under control of the Department of Corrections in violation of A.R.S. § 31-411(B), and that he used a deadly weapon or dangerous instrument in violation of A.R.S. § 13-604.01. On April 29, the state filed an Allegation of Prior Convictions alleging that appellant had two prior felony convictions. Appellant, his counsel, and the state executed a plea agreement in which appellant agreed to plead guilty to Counts I through X as charged and amended. Appellant was to plead guilty to Count XI, but without allegations of A.R.S. §§ 31-411 or 13-604.01. The parties stipulated the sentence to be imposed as follows: Count XI would require a maximum fifteen years to be served first; Counts I through X would require the mandatory life sentence to be served concurrent as to each, but consecutive to the sentence on Count XI. After complying with the requirement of Ariz.R. Crim.P. 17.2 and 17.3, the trial court found *113 the plea was knowingly and intelligently entered, that it was voluntarily made, and that there was a factual bais for it. The plea was accepted.
At the sentencing hearing, appellant sought to withdraw his plea. He said:
"I don't like all the lies that's being written up in all these reports [Adult Probation Department Report] and stuff. I want to go to trial and get a chance to prove myself."
The trial court denied this request, and rightfully so.
Ariz.R.Crim.P. 17.5 permits withdrawal of a plea "when necessary to correct a manifest injustice." Appellant has neither shown nor can he show any injustice associated with the plea, or with his acceptance of it. We note that the trial court accepted the sentence in the plea agreement, notwithstanding its feeling that the penalty might be too lenient, because the proposed sentence was in accordance with the wishes of the three victims.[1]
Prior to imposition of sentence, appellant's counsel challenged the constitutionality of A.R.S. § 13-604.01 on the grounds that by mandating life imprisonment it improperly restricts judicial discretion for sentencing and executive authority for commutation and thereby violates separation of powers. The trial court rejected this challenge. As we held in State v. Marquez, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980), "defining crimes and appropriate sanctions for those who commit them is a legislative function." In Marquez, we held that A.R.S. § 13-1206, proscribing dangerous or deadly assault by prisoner and providing for life imprisonment, did not unconstitutionally infringe on executive power to grant reprieves, commutations and pardons nor did it infringe upon judicial power to determine and impose sentences. The same is true of A.R.S. § 13-604.01. This statute is not unconstitutional.
We note further that the trial court's failure to apply credit for the three days of presentence incarceration to the sentences imposed pursuant to the plea agreement was not improper. As required under A.R.S. § 13-604.01, the sentences imposed thereunder "shall be consecutive to any other sentence from which the convicted person had been temporarily released." Therefore, application of three days credit to the parole violation sentence rather than to the sentence imposed pursuant to the plea agreement was appropriate.
Appellant's counsel in his brief advised this court that he searched the record on appeal and found no arguable question of law. Pursuant to A.R.S. § 13-4035, we have read and considered the brief filed by counsel and have reviewed the entire record for fundamental error. We find no error.
Therefore the judgment and sentence are affirmed.
HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.
NOTES
[1] The victims, each of whom suffered severe, physical and emotional distress, wished to avoid years of appeals and assure the defendant's incarceration.