786 P.2d 1067

**The STATE of Arizona, Appellee,**

v.

**Richard A. WAITS, Appellant.**

**No. 2 CA–CR 89–0510.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 12, 1989.

Redesignated as Opinion and Publication Ordered Jan. 24, 1990.

Review Denied March 6, 1990.

217

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and R. Wayne Ford, Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Phoenix, for appellant.

## OPINION

HOWARD, Judge.

After a jury trial, defendant was convicted of the sale of a narcotic drug, a class 2 felony, with two prior felony convictions, said offense having been committed while on probation. The trial court imposed the mandatory sentence of life imprisonment with no release for 25 years, together with a $100–penalty assessment required by A.R.S. § 13–812.

On appeal defendant contends (1) that the trial court erred in refusing to admit a departmental report of the crime in question; (2) that his sentence violated the Eighth Amendment of the United States Constitution and Art 2, § 15 of the Arizona Constitution; and (3) that A.R.S. § 13–604.02 (punishment for offenses committed while released from confinement) contravenes the doctrine of the separation of powers. We disagree with these contentions and affirm.

On November 28, 1988, undercover officers of the Phoenix Police Department

were engaged in Operation Crackdown, an effort to reduce the sale of narcotics in the Duppa Villa Housing Project. At approximately 7:30 p.m., Detectives Calles and Ramos, acting undercover, were cruising through the target area. They were waved to the curb by the defendant who asked what the officers wanted. Detective Calles replied that he wanted a 20–shot, street slang for a $20 rock of cocaine. The defendant left for a moment, then returned with the cocaine and Calles paid the defendant $20. The detectives then left the project area and, pursuant to a procedure that had previously been established, Calles called Officers Stafanisin and Blalock who were nearby in a patrol vehicle. Calles gave Stefanisin and Blalock a description of the defendant. Approximately 40 minutes later Stefanisin and Blalock spotted a person at the intersection where the sale had taken place who fit the description given by Calles. The officers went up to him, took his name, address, date of birth and then took his picture with a Polaroid camera. Twenty minutes later Stefanisin took the Polaroid photo to Calles who recognized the person in the photograph as the person who had sold him the cocaine. At trial both Calles and Ramos identified the defendant as the person who sold them the narcotics on November 28, 1988.

■ At trial, defendant sought to introduce exhibit 5, a police report co-authored by Calles and Ramos. Because Ramos completed the report begun by Calles who was shot four days after this incident, and because each detective utilized the report to refresh his recollection of the incident before and at trial, defendant imputed some impropriety to the preparation of the report. The trial court sustained a hearsay objection to the report and in his offer of proof as to why the report should be omitted defense counsel stated that he was offering exhibit 5 in its entirety and added:

> ... I'm not offering to prove the truth of what is stated in it, rather as tangible manifestation of the process by which the investigation was recorded and the matter brought to trial. I have indicated all along that I intended to address not the credibility or not the voracity (sic) of the witness, but rather the manner in which some of their recollection was refreshed. That is not acceptable hearsay, that is a secondary point in the DR itself which we have offered to be able to show what the process was by which this case got here.

We first consider the trial court's refusal to admit the department's report into evidence. Defendant contends that the report was admissible as a recorded recollection or a public record. He points out that the second page of the report stops midsentence, that the handwriting of the remaining pages are markedly different and that these pages contain contradictory statements as to who performed the Scott Reagent Test at the Sky Harbor station. From this, defendant concludes that because both officers testified from the contents of the departmental report, the defendant should have been able to show the jury that this procedure was "frought with problems."

Assuming arguendo that the report was admissible in evidence, there are several reasons why the trial court did not err in excluding it, albeit possibly for the wrong reason. The report was available to defense counsel during the trial. He referred to it while cross-examining the officers and had the opportunity to bring before the jury the items mentioned in his opening brief. In fact, at trial defense counsel did bring to the jury's attention the fact that two different officers prepared the report. As for the contradiction as to who performed the Scott Reagent Test, there was no issue at trial as to whether or not the test had been administered and whether or not the article sold to the police was cocaine. The only issue at trial was whether or not the defendant had been misidentified. The report, in its entirety, was irrelevant and, in any event, defendant has not been able to demonstrate how he was prejudiced by the court's refusal to admit it.

Defendant's next contention of error concerns the constitutional prohibition against cruel and unusual punishment. He argues that life imprisonment is a disproportionate penalty for the sale of cocaine valued at

$20. He asks this court to reduce that sentence but does not specify by what degree. Appellee submits that the sentence is not grossly disproportional to the offense and is not therefore, cruel and unusual.

The Eighth Amendment to the United States Constitution and A.R.S. Const. Art. 2, § 15 prohibit the infliction of cruel and unusual punishment. Under the present set of facts, the "grossly disproportional" doctrine of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), is applicable. *Solem* requires that, while the reviewing court should grant substantial deference to the legislature's discretion in determining punishment, sentences must be proportional to the offense. Review of a cruel and unusual punishment challenge to a sentence invokes an objective three-prong test: (1) comparison of the gravity of the offense to the harshness of the penalty; (2) comparison of the sentence with sentences imposed on other criminals in Arizona; and (3) comparison of the sentence imposed with the sentences imposable in other jurisdictions for commission of the same offense. *Id.*

In this case, appellant was convicted of sale of a narcotic drug, cocaine, in violation of A.R.S. § 13–3408. In addition, the state alleged and proved, and appellant admitted that, he was on probation at the time he committed this offense, having been convicted in 1987 of possession of a narcotic drug. Thus, appellant was additionally in violation of A.R.S. § 13–604.02(A), a sentence enchancement statute that mandates life imprisonment without the possibility of any release for 25 years. The trial court complied with the legislative mandate and imposed a sentence of life imprisonment.

The gravity versus harshness test has been applied by this court to other § 13–604.02 cases[1] and has been consistently found to be constitutional on its face as well as in its application. *State v. Hurley*, 154 Ariz. 124, 741 P.2d 257 (1987) (§ 13–604.02, armed robbery and aggravated assault); *State v. Day*, 148 Ariz. 490, 715 P.2d 743 (1986) (§ 13–604.01, sexual assault); *State v. Cocio*, 147 Ariz. 277, 709 P.2d 1336 (1985) (§ 13–604.01, manslaughter); *State v. Williams*, 144 Ariz. 433, 698 P.2d 678 (1985) (§ 13–604.01, armed robbery); *State v. McNair*, 141 Ariz. 475, 687 P.2d 1230 (1984) (§ 13–604.01, accomplice to armed robbery); *State v. Noriega*, 142 Ariz. 474, 690 P.2d 775 (1984) (§ 13–604.01, burglary and assault).

The Ninth Circuit Court of Appeals has also recognized the constitutionality of § 13–604.02. In *Cocio v. Bramlett*, 872 F.2d 889 (9th Cir.1989), that court upheld this court's evaluation of the statute as applied to a manslaughter conviction.

In the present case, the offense that triggered the applicability of § 13–604.02(A) was the sale of a narcotic drug. Drug offenses are considered to be an extremely serious problem in this country. *National Treasury Employees Union v. Von Raab*, — U.S. —, —, 109 S.Ct. 1384, 1395, 103 L.Ed.2d 685, 707 (1989). The sale of drugs is particularly egregious because of the endless cycle of use and corresponding violence. *People v. Broadie*, 37 N.Y.2d 100, 371 N.Y.S.2d 471, 332 N.E.2d 338 (1975). The federal courts likewise recognize the harm derived from this offense:

> [D]rug dealing cannot be said to be as nonviolent as writing a bad check. [citation omitted] Even ignoring the violence typically associated with narcotics operations, [citation omitted] heroin dealing can readily lead to violence, theft, robbery, or the like on the part of a buyer to support his habit.

*United States v. Ortiz*, 742 F.2d 712, 715 (2nd Cir.1984), *cert. denied*, 469 U.S. 1075, 105 S.Ct. 573, 83 L.Ed.2d 513; *see also United States v. Klein*, 860 F.2d 1489, 1497 (9th Cir.1988). The sale of drugs is therefore recognized as a very serious, very grave offense.

The harshness of the penalty, life imprisonment, cannot be considered solely in relation to the sale of a $20 rock of cocaine, as appellant argues. Recognition must be

---

1. The Arizona legislature renumbered § 13–604.01 to § 13–604.02 in 1985. All cases referring to § 13–604.01, *infra*, correspond hereinafter to § 13–604.02.

given to two additional, significant factors. First, appellant was a recidivist. Enhanced penalties for repetitive offenders are consistently upheld. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (mandatory life imprisonment). Secondly, appellant committed the present offense while on probation for the 1987 possession conviction. As the Ninth Circuit stated:

> An enhanced sentence is justifiable under these circumstances because the probationer has committed a new offense while still under court restraint because of his most recent crime.

*Cocio v. Bramlett*, 872 F.2d at 893. These two factors justify a harsh penalty, including a mandatory sentence of life imprisonment.

An additional factor of major importance to the *Solem* court was the absence of any possibility of parole under South Dakota's statute. In fact, the lack of parole is the only factor distinguishing *Solem* (disproportionate penalty) from *Rummel* (proportional penalty). It follows that the possibility of parole will validate an otherwise excessibly harsh sentence. *Cocio v. Bramlett, supra,* at 893.

Arizona's statute provides for parole after 25 years in prison. Appellant, like Cocio and Rummel, will be eligible for parole. The sentence is therefore not unconstitutionally harsh. In relation to the severity of the offense, the penalty is not violative of the Eighth Amendment.

Defendant argues that he received a more severe punishment than those committing far more serious offenses. Therefore he contends that the present sentence is disproportionate.

The Ninth Circuit recognized the fallacy of defendant's contentions. The defendant was not merely convicted of the sale of a $20 rock of cocaine. The offense was a class 2 felony committed while the defendant was on probation. The comparison must therefore be made with other defendants convicted of offenses under § 13–604.02(A): any felony involving the use or exhibition of a deadly weapon or dangerous instrument; intentional or knowing infliction of serious physical injury; possession of precursor chemicals II; and possession, use or transportation of eight pounds or more of marijuana, prescription-only drugs, dangerous drugs, narcotic drugs, or drug offenses involving minors.

In Arizona, this court has upheld various convictions under this statute and its predecessor, for sexual assault, *State v. Day, supra,* for manslaughter, *State v. Cocio, supra,* and for burglary and aggravated assault, *State v. Noriega, supra.* Thus, all defendants whose crimes have brought them within the purview of A.R.S. § 13–604.02(A) have received sentences of life imprisonment. The legislature has decided that commission of these offenses justifies imprisonment for life. That alone does not reflect disproportionality, either on the face of the statute or in its application.

The Ninth Circuit in *Cocio* noted that Arizona is the only state with a statute that enhances punishment for the triggering offense if it is committed while the defendant is on probation from a previous conviction. That court concluded that this exclusive status does not invalidate the statute. It recognized that assessing punishment is a policy decision left to state legislatures, not the courts. Therefore, the distinction of being the only state with such a statute was not unconstitutional.

The United States Supreme Court acknowledged that rarely will the federal courts find a state sentencing statute in violation of the Eighth Amendment. *Solem v. Helm,* supra. Here, we have a grave offense—sale of cocaine—versus the petty offense of no-account check in *Solem.* Defendant was on probation when he committed this offense in addition to being a recidivist. In addition, parole is available to the defendant under A.R.S. § 13–604.02 whereas Solem had no such opportunity. There is no demonstrated disproportionality in this case. Appellant is not entitled to relief.

■ The defendant's final argument concerns the separation-of-powers clause of

A.R.S. Const. Art. III. He argues that A.R.S. § 13–604.02(A) violates the constitution by mandating a single sentence for a violation of the statute, thereby divesting the judiciary of its constitutionally granted discretion with respect to imposing sentence for a criminal offense. Defendant's argument ignores the fact that this issue has been previously decided contrary to his position. In *State v. Faunt*, 139 Ariz. 111, 677 P.2d 274 (1984), the court considered and rejected a separation-of-powers argument with respect to A.R.S. § 13–604.01. The court held that "defining crimes and appropriate sanctions for those who commit them is a legislative function." *State v. Faunt*, 139 Ariz. at 113, 677 P.2d at 276, citing *State v. Marquez*, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980). In *State v. Allie*, 147 Ariz. 320, 710 P.2d 430 (1985), the court reaffirmed its ruling in *Faunt*. "We see no reason to reject this holding now." *State v. Allie*, 147 Ariz. at 325, 710 P.2d at 435.

The defendant's situation does not present any valid basis for overruling *Faunt*. A.R.S. § 13–604.02(A) was amended only to add certain drug offenses as trigger offenses. That modification does not unconstitutionally expand the legislature's function of "defining crimes and appropriate sanctions." If the legislature was empowered to order life imprisonment for crimes of violence committed while the perpetrator was on restricted release, it was likewise vested with the constitutional authority to include drug offenses within the mandatory sentencing structures.

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.