NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

TELLY ONTURIO BEASLEY, *Petitioner*.

No. 1 CA-CR 16-0604 PRPC
FILED 10-3-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2013-450969-001 SE
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Telly Onturio Beasley, Douglas
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**C R U Z**, Judge:

**¶1**    Telly Onturio Beasley petitions this court for review of the superior court's dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**    In July 2014, Beasley pleaded guilty to one count of possession or use of marijuana, a class six felony, with a stipulated sentence of one year imprisonment. In October 2014, Beasley filed a motion to withdraw from the plea agreement, arguing actual innocence, disparate treatment, and the State's failure to provide him with discovery he believed existed. Beasley then filed a "reply in support of motion to withdraw the plea," arguing it would be a "manifest injustice" to prosecute him as a felon. Beasley provided no evidence to support his arguments.

**¶3**    In November 2014, the superior court denied Beasley's motion to withdraw his guilty plea and sentenced Beasley to the stipulated term of one year imprisonment with 339 days of presentence incarceration credit. The sentence was ordered to be served concurrently with Beasley's prison sentence in an unrelated case.

**¶4**    Beasley filed a timely notice of petition for post-conviction relief. After several extensions, Beasley filed his petition alleging: (1) illegal search and seizure related to the automobile stop; (2) misconduct of a police officer for allegedly providing false testimony at Beasley's preliminary hearing; (3) selective prosecution and disparate sentencing; and (4) abuse of discretion in denial of Beasley's motion to withdraw his guilty plea, violating his equal protection and due process rights.

**¶5**    The superior court summarily dismissed Beasley's petition. The court found that Beasley's claims related to the search and seizure and testimony of the officer were precluded, that he had not stated a colorable claim related to disparate sentencing, and that, because Beasley did not demonstrate a manifest injustice, the court did not abuse its discretion in denying Beasley's motion to withdraw his guilty plea.

**¶6**    After denying Beasley's motion for rehearing, the superior court received Beasley's reply to his motion and a notice of additional authorities. Because the court previously denied Beasley's motion, and he thus did not have a pending Rule 32 proceeding, the court construed

Beasley's notice of additional authorities as a motion for reconsideration and denied relief.

¶7        Beasley now seeks review, raising the following issues: (1) whether the superior court erred in finding Beasley's claims precluded; (2) whether Beasley's conviction and sentence violates the Arizona and United States Constitutions because of a significant change in the law; (3) whether Beasley's claims of State and police misconduct are exempt from preclusion; (4) whether Beasley's claim of selective prosecution under an unconstitutional statute is exempt from preclusion; and (5) whether the superior court abused its discretion in denying Beasley's motion to withdraw from the plea agreement.

¶8        We review the summary dismissal of a petition for post-conviction relief for abuse of discretion. *State v. Schrock*, 149 Ariz. 433, 441 (1986). An abuse of discretion occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision. *State v. Wall*, 212 Ariz. 1, 3, ¶12 (2006); *State v. Douglas*, 87 Ariz. 182, 187 (1960).

¶9        A superior court may properly deny a defendant's request to withdraw a guilty plea when the defendant does not demonstrate an injustice associated with the guilty plea or with the acceptance of it. *See State v. Faunt*, 139 Ariz. 111, 113 (1984). Once a defendant enters a guilty plea, he waives all non-jurisdictional defenses, errors, and defects which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant's guilty plea

> represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.*

¶10        Beasley failed to show an injustice associated with the plea agreement or with the acceptance of it. Accordingly, the superior court properly denied Beasley's motion to withdraw his guilty plea. Furthermore, Beasley waived his claims relating to the search and seizure of the automobile and the alleged false testimony of the police officer by

accepting the plea agreement and entering a voluntary guilty plea. Beasley's claim that he could not corroborate his allegations against the police officer until he received additional discovery is not persuasive. Beasley was aware of the allegation prior to the plea agreement, and did not raise the issue at any time prior to the plea. Finally, Beasley has provided no evidence or support of new law that would impact his arrest, plea, or conviction and sentence.

¶11        We therefore grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA