789 P.2d 1082

STATE of Arizona, Appellee,

v.

**Dina Opal DYKES, Appellant.**

**No. 1 CA–CR 88–1248.**

Court of Appeals of Arizona,
Division 1, Department B.

March 29, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Robert S. Golden, Asst. Atty. Gen.. Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LANKFORD, Judge.

The defendant, Dina Opal Dykes, was convicted after a jury trial of possession of a dangerous drug, a class four felony. A.R.S. § 13–3407(B)(1). This statute also authorizes trial judges to designate a conviction for this offense as a class 1 misdemeanor. The punishment for a class four felony is, of course, more severe than for a class 1 misdemeanor. See A.R.S. §§ 13–701, 707.

However, the trial judge may apply § 13–3407(B) and designate the lesser punishment only on motion of the state. The statute provides:

B. A person who violates:

1. Subsection A, paragraph 1 [possession or use of a dangerous drug] is guilty of a class 4 felony, but the court on motion of the state, considering the nature and circumstances of the offense, for a person not previously convicted of any felony may enter judgment of conviction for a class 1 misdemeanor and make disposition accordingly.

A.R.S. § 13–3407 (1988).[1]

Defendant's appeal challenges that portion of the statute which conditions the redesignation of the offense as a misdemeanor on "motion of the state." The defendant argues that this provision is contrary to the principle of separation of powers among the branches of state government and thereby violates Article 3 of the Arizona Constitution.

## I.

Defendant was indicted for possession of a dangerous drug. She pled not guilty and proceeded to jury trial.

At trial, the state presented evidence that the police had discovered a syringe and a small plastic bag containing a white powdery substance in defendant's purse during an inventory search following her arrest. The parties stipulated that the plastic bag contained methamphetamine, which is classified as a dangerous drug. A.R.S. § 13–3401(6).

After a trial, the jury returned a verdict of guilty and the matter was set for sentencing. Prior to sentencing, defendant moved for a new trial on the grounds of newly discovered evidence. The trial court denied the motion, and the matter was set for a mitigation hearing.

Defendant then filed a motion invoking A.R.S. § 13–3407(B) and asking the court

---

**1.** The 1989 amendment to § 13–3407(B)(1) adds additional language not relevant here. The current version of the statute includes language identical to that at issue in the 1988 version operative when the defendant was sentenced.

to designate the conviction a misdemeanor. However, the state had not filed the statutorily required motion.

Defendant contended that the portion of the statute requiring the state's motion was unconstitutional. Relying on *State v. Jones*, 142 Ariz. 302, 689 P.2d 561 (App. 1984), defendant claimed that designation of the offense as a felony or misdemeanor is an exclusively judicial function, and that placing this responsibility in the hands of the prosecutor violates the constitutional doctrine of the separation of powers.

The state opposed the motion and argued that the statute is constitutional. Relying on *State v. Larson*, 159 Ariz. 14, 764 P.2d 749 (App.1988), the state contended that the legislature could properly condition the redesignation of the offense upon the prosecutor's request.

The superior court denied defendant's motion to redesignate. The court then sentenced defendant to probation for four years. Defendant brings this appeal attacking only the court's denial of her motion to designate the offense as a misdemeanor.

## II.

Article 3 of the Arizona Constitution states:

> The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

This article establishes three departments or "branches" of government and affirms their separateness and independence.

The separation of powers doctrine preserves the independence of each branch of government. "It is essential that sharp separation of powers be carefully preserved by courts so that one branch of government not be permitted unconstitutionally to encroach upon the functions properly belonging to another." *Jones*, 142 Ariz. at 304, 689 P.2d at 563. "The mandate of the doctrine is to protect one branch against the overreaching of any other branch." *State v. Prentiss*, 163 Ariz. 81, 85, 786 P.2d 932, 936 (1989).

The ultimate aim of the doctrine is to preserve individual liberty against the improper aggrandizement of power by one branch of government. *See J.W. Hancock Enterprises v. Arizona State Registrar of Contractors*, 142 Ariz. 400, 404, 690 P.2d 119, 123 (App.1984); *Prentiss, supra.* The doctrine also assists the orderly performance of the various functions of government, reserving to each branch the particular functions assigned to it under the constitutional scheme.

Compartmentalization of governmental power into clearly defined niches is not always possible, however. *Prentiss, supra; J.W. Hancock, supra.* More than one branch of government may have a proper role in a particular area of public policy. For example, each branch has important and proper roles in law enforcement. The legislature possesses the power to define the acts which constitute crime and the power to prescribe punishment for those acts. *State v. Marquez*, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980).

The executive branch also possesses important powers in this area. The decision of what charges, if any, will be filed, and the discretion to proceed or not to proceed after the criminal action has been commenced, properly reside in the executive branch. *Larson*, 159 Ariz. at 16, 764 P.2d at 751; *State v. Frey*, 141 Ariz. 321, 686 P.2d 1291 (App.1984). The prosecutor may decide which charges to bring and whether to assert any mandatory sentence-enhancing allegations. *State v. Cummings*, 148 Ariz. 588, 591, 716 P.2d 45, 48 (App.1986); *State v. Buchholz*, 139 Ariz. 303, 307, 678 P.2d 488, 492 (App.1983); *State v. Birdsall*, 116 Ariz. 112, 568 P.2d 419 (1977).

The judiciary too has its role. "[W]hen the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility." *Jones*, 142

**584**

Ariz. at 305, 689 P.2d at 564. Sentencing discretion—the choice of a penalty within the range fixed by legislation—is part of the judiciary's responsibility. *See Prentiss*, 163 Ariz. at 86, 786 P.2d at 937.

■ A legislative enactment which unreasonably limits or hampers the judicial function violates the separation of powers doctrine embodied in Article 3. *United States v. Superior Court*, 144 Ariz. 265, 278, 697 P.2d 658, 671 (1985). This means that the legislature "cannot give the prosecuting attorney the authority, after a conviction, to decide what the punishment shall be. That is a judicial function.... [T]he decision to mitigate a sentence belongs to the judge and not the prosecutor." *Jones*, 142 Ariz. at 305, 689 P.2d at 564.

■ While the prosecutor may participate in the sentencing proceedings, such as by the presentation of aggravating circumstances, the prosecutor may not control or decide what the punishment shall be. *Jones, supra; Prentiss, supra. See State v. Brooks*, 156 Ariz. 529, 753 P.2d 1185 (App.1988). *See also State v. Patel*, 160 Ariz. 86, 770 P.2d 390 (App.1989) (prosecutor may not control the length of a defendant's probation).

■ Our courts have applied these general principles to a statute quite similar to the one involved here. The most recent such decision is that of our Supreme Court in *Prentiss, supra.* Prentiss had been convicted of driving while under the influence of alcohol, a violation of A.R.S. § 28–692. Another statute, A.R.S. § 28–692.01(C), allowed the trial court to impose a mitigated sentence, but only if the prosecutor alleged certain mitigating circumstances listed in the statute. The statute stated in part:

... [T]he judge may sentence a person who is convicted of a violation of § 28–692 pursuant to subsection D of this section [alternative minimum sentence] *if the prosecutor alleges the provisions of this subsection* and the judge finds that such alternative sentencing

will serve the best interests of the state ...
(Emphasis added).

The Supreme Court held that conditioning the court's sentencing discretion upon the prosecutor's allegation violated Article 3. The legislature may prescribe any mandatory sentence it desires, regardless of any mitigating circumstances, the court held. "But once the legislature provides the court with the power to use sentencing discretion, the legislature cannot then limit the court's exercise of discretion" by conditioning that exercise on an act of the executive branch. 163 Ariz. at 85, 786 P.2d at 936. "Whether a prosecutor 'recommends' or 'alleges' the alternative sentencing is irrelevant." *Id.*

This court reached the same conclusion in yet another case involving A.R.S. § 28–692.01. *Jones, supra.*

The statute involved here is essentially indistinguishable from that involved in *Prentiss* and *Jones.* Under § 13–3407(B), the prosecutor must make a motion; under § 28–692.01 the prosecutor must make an allegation. The motion under the former statute need not specify particular grounds as must the allegation under the latter statute. If anything, however, this creates greater latitude for the prosecutor to frustrate the sentencing discretion of the court, which renders § 13–3407(B) even more clearly violative of the constitution.

The statute involved here cannot be saved by characterizing it as a legitimate part of the prosecutor's charging function. While the prosecutor has the power to decide what criminal charges to file, this statute does not affect the charging function. The statute contemplates that the offense will be redesignated as a misdemeanor *after* the trial and *after* the defendant has been convicted of felony drug possession. Following the determination of guilt on the felony charge, the court "may enter judgment of conviction for a class 1 misdemeanor ..." A.R.S. § 13–3407(B). *See also Prentiss, supra* (noting that time for prosecutor's allegation was at the time of sentencing); *Jones, supra* (noting that time for prosecutor's allegation was after con-

viction). Thus the statutory scheme itself reveals that it is a sentencing mitigation provision and not one affecting the initial charging function.

The state's reliance on *Larson, supra,* is therefore misplaced. *Larson* held that a judge could not intrude upon the prosecutor's charging function by dismissing the charges without the prosecutor's recommendation as required by statute. *See* A.R.S. § 13–3981. Because the court's sentencing responsibility and not the prosecutor's charging function is involved here, *Larson* is inapplicable to this case.

Because the provision of the statute requiring the state's motion as a condition to a misdemeanor designation of the offense limits the judicial function, it is unconstitutional under Article 3. We must now turn to whether this constitutional defect is fatal to the entire statute, or whether the offensive portion can be severed and the remainder of the statute saved to perform the legislature's purposes.

### III.

■ An entire statute need not and should not be declared unconstitutional if the constitutional portion can be separated. *Cohen v. State,* 121 Ariz. 6, 588 P.2d 299 (1978); *State v. Rambeau,* 152 Ariz. 174, 730 P.2d 883 (App.1986). "If an unconstitutional provision of a statute can be eliminated, leaving a complete statute, whose meaning and effect is not repugnant to the original law, the remainder of the act will stand." *Jones,* 142 Ariz. at 305–6, 689 P.2d at 564–65. If part of an act is unconstitutional, but, by eliminating that portion, the balance of the act is workable, only that part which is objectionable will be eliminated and the balance will be left intact. *State v. Coursey,* 71 Ariz. 227, 225 P.2d 713 (1950). The fundamental question is one of legislative intent. *Cohen, supra. See Prentiss, supra.*

■ The offending clause is severable from the balance of A.R.S. § 13–3407(B)(1). Although little legislative history is available, the statute itself is evidence of the legislature's intent and indeed is the most reliable evidence of intent. *Prentiss, su-*

*pra.* In the similar situation presented in *Prentiss,* our Supreme Court concluded that severability was desirable because "the legislature was providing a method to allow a sentencing judge to use his discretion and mitigate a sentence that would otherwise be completely unjust.... Eliminating the offending phrase ... leaves the remainder of [the statute] operative. It provides the judge with an opportunity to exercise his discretion within a sentencing range." 163 Ariz. at 87, 786 P.2d at 938.

Similarly, the essential purpose of the statute involved here is to permit the judge to mitigate the penalty. That purpose is best served by striking the unconstitutional restriction of that authority and preserving the rest of the statute.

The sparse legislative history available to us confirms this result. That history makes it manifest that the statute would be wholly acceptable to the legislature even without the clause which we today hold unconstitutional. In a prior version, this same statute read as follows:

B. A person who violates:

.    .    .    .    .

2. Subsection A, paragraph 1 or 5 relating to dangerous drugs is guilty of a class four felony, but the court may, having regard to the nature and circumstances of the offense, enter judgment of conviction for a class one misdemeanor and make disposition accordingly.

A.R.S. § 13–3404(B)(2) (1986). This version of A.R.S. § 13–3404(B)(2) was created by Laws 1981, ch. 264, § 8, and remained in effect for six years. Then by Laws 1987, ch. 307, § 20, this statute was renumbered as § 3407 and the constitutionally defective language "on motion of the state" was added. The legislature thus enacted the mitigation statute without requiring a motion by the state and retained that version of the statute for six years. In addition, the legislature has enacted a similar mitigation provision for certain other felonies without imposing any unconstitutional conditions. *See* A.R.S. § 13–702(H).

The legislature's basic purpose is to allow mitigation. That purpose is best

served by severing the flawed portion of the statute and retaining the trial court's capacity to mitigate by designating the offense as a misdemeanor. The remainder of the statute is constitutional and must be preserved.

It is not clear whether the trial court would have designated the offense a misdemeanor but for the lack of the prosecutor's motion. Therefore the judgment of the conviction as a class four felony and the sentence imposed thereon is vacated. The matter is remanded for the trial court to consider whether the nature and circum-stances of the offense warrant the entry of the judgment of conviction as a class 1 misdemeanor rather than as a class four felony.

GRANT, C.J., and JACOBSON, P.J., concur.