831 P.2d 408

**STATE of Arizona, Appellant,**

v.

**Vicky Jean RAMSEY, Appellee.**

**No. 1 CA–CR 90–1488.**

Court of Appeals of Arizona,
Division 1, Department A.

March 3, 1992.

Review Denied June 30, 1992.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Paul C. Klapper, Deputy Public Defender, Phoenix, for appellee.

## OPINION

TOCI, Judge.

The primary issue we decide today is whether the language of the domestic violence statute, which requires prosecutorial concurrence with the judge's decision to defer the entry of guilt, violates the separation of powers doctrine and, if so, whether the unconstitutional part may be severed. In addition, we must decide whether a biological parent whose parental rights have been legally severed is related within the second degree of consanguinity to her natural children so as to be entitled to deferred entry of judgment of guilt and probation under the domestic violence statute. We agree with the lower court's determination that Vicky Jean Ramsey ("defendant") was eligible to have the entry of her judgment of guilt deferred under the domestic violence statute and that the trial judge properly severed the prosecutorial concurrence requirement from the statute. Accordingly, we affirm the ruling below.

## PROCEDURAL HISTORY

A jury found the defendant guilty of two counts of custodial interference. Ariz.Rev. Stat.Ann. ("A.R.S.") § 13–1302 (1989). The trial judge granted the defendant's motion to impose sentence under the domestic violence statute, A.R.S. section 13–3601. The prosecutor did not concur with the trial judge's decision to defer entry of the defendant's judgment of guilt and place the defendant on three years' probation as required by A.R.S. section 13–3601(H). The state filed a timely appeal, claiming the trial court erred in finding the defendant eligible for the deferral option under the domestic violence statute and in nullifying the statutory requirement of prosecutorial concurrence.

## ISSUES

I. Does the entry of a decree of adoption sever the blood relationship between a parent and child for the purposes of the domestic violence statute?

II. Does the language of the domestic violence statute, which requires prosecutorial concurrence with a judge's decision to place a defendant on probation and defer entry of guilt, violate the separation of powers doctrine?

III. Can the unconstitutional part of the domestic violence statute be severed?

## FACTUAL BACKGROUND

On October 18, 1974, the defendant gave birth to twin girls. In 1982, the defendant consented to the twins' adoption by the defendant's aunt and uncle. Before the incident that resulted in the charge of custodial interference, the defendant, the twins, and the adoptive parents enjoyed a good relationship. Although the defendant lived in North Carolina, she maintained contact and occasionally visited the girls in Arizona.

On August 9 and 10, 1989, the defendant removed the fifteen-year-old twins from their adoptive parents' home without securing the parents' approval. She took the twins to North Carolina and refused to relinquish physical custody to the adoptive parents. As a result, the authorities arrested defendant in North Carolina and returned her to Arizona where a jury found

her guilty of two counts of custodial interference.[1]

## DISCUSSION

The legislature has designated certain crimes as "family offenses," thus identifying particular domestic situations in which the court may treat a defendant more leniently. This treatment offers domestic offenders an opportunity for rehabilitation without the stigma of a criminal conviction on their record.

Under certain conditions, a person found guilty of custodial interference can be classified as a domestic offender. One of the conditions requires that the offender and the victims be related by blood to the second degree of consanguinity.[2] The court then has the discretion to defer entry of the judgment of guilt and place the domestic offender on probation. The deferral option requires that additional statutory conditions be met. Arizona Revised Statutes section 13-3601(H) mandates that:

> H. If the defendant is found guilty of an offense included in domestic violence and if probation is otherwise available for such offense, the court may, without entering a judgment of guilt and *with the concurrence of the prosecutor* and consent of the defendant, defer further proceedings and place the defendant on probation....

(Emphasis added.)

Here, all of the statutory requirements for the deferred entry of the judgment of guilt were met except for prosecutorial concurrence. The prosecutor objected and

preserved the right to appeal when the trial judge granted the defendant's motion to be sentenced under A.R.S. section 13-3601(H).[3] On appeal, the state urges that the deferral was error for two reasons. First, the state contends that the defendant could not have the entry of her judgment of guilt deferred under the statute because the prosecutor refused to concur. Second, because her parental rights had been severed, the state asserts that the defendant was no longer "related" to the children within the requisite degree and thus is not entitled to be classified as a domestic offender under the statute. A.R.S. § 13-3601(A). We address the issue of defendant's eligibility first.

## I. ELIGIBILITY TO DEFER ENTRY OF THE JUDGMENT OF GUILT UNDER SECTION 13-3601(H)

■ In order for the defendant to be classified as a domestic offender, she must have committed custodial interference against a victim who was either living with her or related to her within the second degree of consanguinity or affinity. Consanguinity is defined as "Kinship; blood relationship; .... Consanguinity is distinguished from 'affinity,' which is the connection existing in consequence of a marriage, between each of the married persons and the kindred of the other." *Black's Law Dictionary* 275 (5th ed. 1979). The degree of consanguinity is determined by the civil law, which tells us that:

> [p]arents and children of a [person] are related to him in their first degree....

1. The custodial interference statute, A.R.S. § 13-1302, provides in part that:

    A. A person commits custodial interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or keeps from lawful custody any child less than eighteen years of age or incompetent, entrusted by authority of law to the custody of another person or institution.

2. A.R.S. § 13-3601 provides:

    A. "Domestic violence" means any act which is a dangerous crime against children as defined in § 13-604.01 or an offense defined in §§ 13-1201 through 13-1204, *13-1302 [custo-*

*dial interference]* through 13-1304, 13-1502 through 13-1504 and 13-1602 and § 13-2904, subsection A, paragraphs 1, 2, 3 and 6, if the relationship between the victim and the defendant is one of marriage or former marriage or of persons of the opposite sex residing or having resided in the same household, *if the victim and defendant or the defendant's spouse are related to each other by consanguinity or affinity to the second degree....* (Emphasis added.)

3. Prior to trial, the state agreed to proceed under A.R.S. § 13-3601(H). After the defendant refused to agree to one of the state's probation conditions, the prosecutor withdrew her concurrence.

Uncles, aunts, nephews, nieces, and great-grandparents ... are related to him in the third degree.

*State v. Sumpter,* 438 N.W.2d 6, 8 (Iowa 1989) (citing Am.Jur.2d *Descent and Distribution* § 55, at 793 (1983)). In this case, the victims were the adoptive parents (defendant's aunt and uncle) and the twins.

Here, the state is correct in its argument that the defendant is not related to the adoptive parents within the degree of consanguinity required by the statute. The question that remains is whether the defendant is related to her biological children within the requisite degree of consanguinity. The state maintains that the adoption severed not only the legal parent-child relationship but also the blood relationship between the defendant and the twins. Consequently, the state argues the defendant is no longer related to the twins in any degree.

■ The state cites A.R.S. section 8–117 in support of its position. The relevant portion of that statute provides that:

Upon the entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of that relationship shall cease to exist....

A.R.S. § 8–117(B). At trial, the state introduced evidence of the defendant's signed consent to adopt and a copy of the order of adoption. The state properly concluded that the adoption severed the legal relationship between the defendant and her children. However, the state's argument that the blood relationship between the defendant and her natural children was extinguished by the adoption is without merit.

In *State v. Wilhite,* 160 Ariz. 228, 772 P.2d 582 (App.1989), this court examined the issue of whether a blood relationship was terminated by adoption. The defendant in *Wilhite* was the biological father of children who were adopted by the defendant's brother and sister-in-law. After taking the children without permission, the defendant sexually molested and abandoned his daughter. In addition to other crimes, a jury found the defendant guilty of custodial interference.

Because the custodial interference statute provided a lesser sentence for a "parent" convicted of custodial interference, Wilhite asserted that his biological relationship entitled him to the lesser felony even though his legal parental rights had been terminated. In rejecting this argument, the court determined that a "parent" meant legal parent for the purposes of the statute. However, the court agreed that termination of legal parental rights does not end one's blood relationship: "consanguinity, [is] a concern that does not end with adoption and termination of parental rights." 160 Ariz. at 230, 772 P.2d at 584.

The decree of adoption did not sever the blood relationship between the defendant and her biological children. Although the defendant's parental rights had ceased to exist, she is still related to the twins in the first degree of consanguinity. The defendant, therefore, was eligible to have the entry of her judgment of guilt deferred under A.R.S. section 13–3601(H).

## II. SEPARATION OF POWERS

■ The state argues that the trial court erred when it severed the prosecutorial concurrence portion of the domestic violence statute as an infringement on the separation of powers. Article 3 of the Arizona Constitution embodies the doctrine of separation of powers:

The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

This article mandates that each department act with the powers and functions properly belonging to it and that it not encroach on the power and functions delegated to the other departments.

The separation of powers doctrine is fundamental to constitutional government. *State v. Jones,* 142 Ariz. 302, 304, 689 P.2d 561, 563 (1984) (citing *Ahearn v. Bailey,* 104 Ariz. 250, 451 P.2d 30 (1969)). The time-honored doctrinal limitations are necessary to protect one department from overreaching actions by another. *See J.W. Hancock Enter. v. Arizona State Registrar of Contractors,* 142 Ariz. 400, 404, 690 P.2d 119, 123 (App.1984) (excellent discussion on separation of powers). We have long recognized that "[i]t is essential that sharp separation of powers be carefully preserved by courts...." *Jones,* 142 Ariz. at 304, 689 P.2d at 563 (citing *Giss v. Jordan,* 82 Ariz. 152, 309 P.2d 779 (1957)).

■ We also acknowledge, however, that more than one department may have a legitimate and constitutionally permitted involvement in the same area. *State v. Prentiss,* 163 Ariz. 81, 84, 786 P.2d 932, 935 (1989); *State v. Dykes,* 163 Ariz. 581, 583, 789 P.2d 1082, 1084 (App.1990). Department roles legitimately overlap in the attempt to prevent and punish criminal activity. The legislative department has the power to define what conduct constitutes a crime and the power to prescribe punishment for that conduct. *State v. Marquez,* 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980). The executive department has the power to enforce the law. As such, the prosecutor is properly vested with both the power to charge an individual accused of criminal conduct and the discretion to proceed to trial once a criminal action has been filed. *Dykes,* 163 Ariz. at 583, 789 P.2d at 1084; *State v. Frey,* 141 Ariz. 321, 686 P.2d 1291 (App.1984). The judicial department has the integral function of resolving criminal actions: "[W]hen the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the disposition of that charge becomes a judicial responsibility." *Dykes* at 583, 789 P.2d at 1084 (citing *Jones,* 142 Ariz. at 305, 689 P.2d at 564); *see also Prentiss,* 163 Ariz. at 85, 786 P.2d at 936.

■ We note, however, that an acknowledgement of coexistent powers in an area of public policy is not a grant of permission to exceed legitimate functions and encroach upon those of another department. The state argues that the prosecutorial concurrence requirement under A.R.S. section 13–3601(H) does not exceed the executive department's legitimate function. The state maintains that the prosecutor's decision to concur with the judge's determination to defer entry of a judgment of guilt and place a defendant on probation is the same as the decision to defer or divert a defendant's prosecution. We are not persuaded by this argument. Rather, the prosecutorial concurrence requirement is, in effect, an executive veto power that unreasonably impedes the judiciary's power to resolve criminal matters.

The state's reliance on *State v. Larson,* 159 Ariz. 14, 764 P.2d 749 (App.1988), in support of its proposition is misplaced. In *Larson,* this court held that the legislature could properly condition a misdemeanor compromise in a domestic violence offense on the prosecutor's recommendation. *Larson,* 159. Ariz. at 17, 764 P.2d at 752. The court acknowledged that the prosecutor "shall retain the authority of *proceeding* with a case in those instances set forth in A.R.S. section 13–3981(B) and it did not encroach upon the judicial function in so doing." *Id.* (emphasis added). In the case at hand, the prosecutor had already proceeded with prosecution of the defendant. Furthermore, the statute expressly states that "[i]f the defendant is found guilty ... the court may ... defer further proceedings and place the defendant on probation." A.R.S. § 13–3601(H). It is clear from the plain language of the statute that the entry of the judgment of guilt is to be deferred, not the prosecution.

Once the prosecutor has pursued and obtained a guilty verdict, the executive role in the resolution of the criminal action is limited constitutionally. *State v. Murphy,* 113 Ariz. 416, 418, 555 P.2d 1110, 1112 (1976) (prosecutor may decide whether to present aggravating circumstances at sentencing); *State v. Patel,* 160 Ariz. 86, 770 P.2d 390 (App.1989) (court, not prosecutor, controls the length of probation).

The judiciary alone has the power to resolve criminal matters. Although the legislature may prescribe a range of punishment, it may not empower the prosecutor to veto a court's resolution of a criminal matter within that range. *Jones*, 142 Ariz. 302, 689 P.2d 561 (App.1984) (prosecutor's discretion to make or withhold a recommendation of alternative sentencing unconstitutionally encroached on the judicial function); *Prentiss*, 163 Ariz. 81, 786 P.2d 932 (1989) (conditioning mitigation upon the prosecutor "alleging" certain statutory factors unconstitutionally encroached upon the sentencing discretion of the judiciary); *Dykes*, 163 Ariz. at 584, 789 P.2d 1082 (App.1990) (requiring motion by prosecutor before judge could apply lesser sentence unconstitutionally violates the separation of powers doctrine).

The portion of A.R.S. section 13–3601(H) that requires prosecutorial concurrence with the judge's decision to defer the entry of a judgment of guilt and place a defendant on probation frustrates the court's discretion. This requirement violates the separation of powers as mandated by the Arizona Constitution.

## III. SEVERABILITY

A court should not declare an entire statute unconstitutional if the constitutional portions can be severed from those which are unconstitutional. *Prentiss*, 163 Ariz. at 86, 786 P.2d at 937 (citing *Cohen v. State*, 121 Ariz. 6, 9, 588 P.2d 299, 302 (1978)). The supreme court fixed the test for severability in *Selective Life Ins. Co. v. Equitable Life Assurance Soc'y*, 101 Ariz. 594, 599, 422 P.2d 710, 715 (1967):

> [W]here the valid parts of a statute are effective and enforceable standing alone and independent of those portions declared unconstitutional, the court will not disturb the valid law if the valid and invalid portions are not so intimately connected as to raise the presumption the legislature would not have enacted one

without the other, and the invalid portion was not the inducement of the act.

There is no legislative history to guide us as to the legislature's intent regarding the prosecutorial concurrence requirement in the statute. If there is no clear record of legislative intent, the statutory language is the most reliable evidence of intent. *Prentiss*, 163 Ariz. at 86, 786 P.2d at 937 (citing *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 595, 667 P.2d 1304, 1309 (1983)).

The statutory language provides an alternative for those involved with domestic violence. It is evident that the legislature intended to give courts discretion to mitigate domestic offenses. The prosecutorial concurrence requirement was not the "inducement of the act," nor would the legislature have refused to enact the statute without it. Therefore, the prosecutorial concurrence requirement can be severed without rendering the statute inoperative.

## IV. CONCLUSION

The defendant was a domestic violence offender who was eligible to have the entry of her judgment of guilt deferred and receive probation under A.R.S. section 13–3601(H). The trial court did not err when it severed the unconstitutional portion of the domestic violence statute. As such, the decision of the lower court is affirmed.

GRANT, P.J., and SHELLEY, J.,* concur.

---

* Retired Judge Melvyn T. Shelley was authorized to participate in this appeal by order the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. 6, § 20 and A.R.S. § 38–813 (1985).