884 P.2d 270

**STATE of Arizona, and J.C.S., a person under the age of 18 years, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF NAVAJO; The Honorable Thomas L. Wing, a judge thereof, Respondent Judge.**

No. 1 CA–SA 94–0198.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 8, 1994.

court's denial of the state's motion to withdraw its transfer motion. We accepted jurisdiction, granted relief, and advised the parties that this opinion would follow.

■ We accepted jurisdiction of this special action for two reasons. First, the court's denial of the motion to withdraw the transfer motion was not a final order. *See* Ariz.Rev. Stat.Ann. § 8–236(A) (1989); *Romley v. Superior Court,* 174 Ariz. 126, 127, 847 P.2d 627, 628 (App.1993). Second, the case presents an issue of statewide importance that turns on a matter of law. *See Romley,* 174 Ariz. at 127, 847 P.2d at 628.

■ We conclude that the prosecutor's power to make the initial decision to seek the prosecution of a juvenile as an adult includes the power to revoke that decision. Just as a trial court cannot prevent the prosecution from dismissing charges against a criminal defendant, a juvenile court cannot prevent the prosecution from withdrawing a motion to transfer for prosecution as an adult. It follows that a juvenile court cannot continue with the transfer hearing on its own after the prosecution has filed a motion to withdraw the transfer motion. Consequently, the juvenile court abused its discretion in denying the state permission to withdraw its transfer motion.

Melvin R. Bowers, Jr., Navajo County Atty. by Stephen D. Alfrey, Deputy County Atty., Holbrook, for the State.

Myrna J. Parker, Navajo County Public Defender, Holbrook, for juvenile petitioner.

## OPINION

TOCI, Judge.

This case presents a separation of powers issue: may the juvenile court prevent the county attorney from withdrawing a previously filed motion to transfer a juvenile for prosecution as an adult? In other words, once a transfer petition is filed, does the juvenile court have the power to compel the state to proceed with the transfer hearing?

This question is presented in a special action, brought by joint petition of the state and the juvenile, to challenge the juvenile

## FACTUAL AND PROCEDURAL BACKGROUND

The state filed a delinquency petition against the fifteen-year old juvenile ("JCS") and another juvenile. They were charged with burglary, armed robbery, aggravated robbery, kidnapping, aggravated assault, theft, criminal damage, unlawful flight, and endangerment. The state requested that both juveniles be transferred for criminal prosecution.

Before JCS's transfer hearing, the county attorney and the attorney for JCS entered into an agreement concerning the pending charges. The state agreed to dismiss certain counts against JCS (burglary, aggravated robbery, kidnapping, and endangerment) and to withdraw the request for transfer. In consideration, JCS agreed that he would co-

operate with the prosecution by testifying in the cases filed against the other juvenile. The agreement also stated that the parties reached no agreement about the disposition and sentencing on JCS's remaining charges (armed robbery, aggravated assault, theft, criminal damage, and unlawful flight).

At the transfer hearing, the state, with the concurrence of JCS's attorney, moved to withdraw the transfer request. The prosecutor stated:

> In discussions with Brad Brawley of the probation office, and Ms. Parker, the state in investigating the matter and discussions with law enforcement officers, we came to the conclusion that this juvenile is not— probably should not be treated exactly the same as the other juvenile involved. Law enforcement officers shortly after the arrest came to me with the statement that essentially they believed that this juvenile was an accomplice to [the other juvenile] even though this juvenile is older, he was an accomplice to [the other juvenile], he was not the initiating participant although he did allegedly go along with him, and that the law enforcement community at least viewed [the other juvenile's] action much more seriously then they do [JCS's] and that was confirmed in my discussions with Ms. Parker and Mr. Brawley, not to minimize the participation but merely to set forth to the Court's understanding why the state came to the conclusion that it would be in the best interest of justice to withdraw the motion for transfer.

At the same hearing, the prosecutor advised the court of additional factors justifying withdrawal of the motion to transfer. The prosecutor informed the court that JCS's criminal background was not as egregious as that of the other juvenile. The prosecutor also observed that the state did not have sufficient evidence to establish burglary and criminal damage against either juvenile. The prosecutor was "confident" that if the motion to transfer were withdrawn, JCS would cooperate in proving the charges

against the other juvenile and in solving other similar crimes in the area.

Nevertheless, the court denied the motion, finding that:

> When a complaint is filed with the Court the state cannot dismiss that complaint without [the] approval of the Court and certainly the area of juvenile law which is only quasi-criminal, and quasi-civil, the Court is of the opinion that the motion for transfer cannot be dismissed without approval of the Court.

After additional briefing and argument, the court issued a decision affirming its earlier decision denying the state's motion to withdraw the transfer motion. The court stated that where a delinquency petition is pending, the parties cannot bind the court to their plea agreement to withdraw the motion to transfer and to "suspend criminal prosecution." The court concluded that under Ariz. Const. art. 6, § 15, "[t]he duty to determine whether 'to suspend criminal prosecution' is placed on the court, not the parties."

## DISCUSSION

■ The joint petitioners correctly argue, relying on Rule 12(a), Rules of Procedure For the Juvenile Court,[1] that the prosecutor is the official who determines whether to request that a juvenile be transferred for adult prosecution. The juvenile court did not dispute that proposition. Instead, relying on *State ex rel. Romley v. Superior Court*, 170 Ariz. 339, 342–43, 823 P.2d 1347, 1350–51 (App.1991), the court concluded that once the prosecutor filed the motion to transfer, the prosecutor could not later withdraw that motion without juvenile court approval. We disagree with the latter proposition.

We begin our analysis of the juvenile court's reliance on *State ex rel. Romley v. Superior Court* with the general law governing juvenile matters. The Arizona Constitution provides:

---

1. Rule 12(a) states in part:
   If, within the time set forth in Rule 6.1(e)(1), in the opinion of the county attorney the child is not a proper person over whom the juvenile court should retain jurisdiction, the county attorney

   may file a motion with the clerk of the court requesting that the juvenile court waive jurisdiction and order the transfer of the child to the appropriate court for criminal prosecution....

The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting ... children accused of a crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children....

Ariz.Const. art. 6, § 15. This constitutional provision refers to the adult criminal liability of children. *In re Appeal in Maricopa County, Juvenile Action No. JV–122733,* 172 Ariz. 542, 544, 838 P.2d 1303, 1305 (App. 1992). Thus, "it is the suspension of 'criminal prosecution,' that is, [the] prosecution of juveniles as if they were adults, which is left to the discretion of the superior court judge sitting as a juvenile judge." *Id.* In other words, the juvenile court can, through *denial* of a motion to transfer for adult prosecution, suspend "criminal prosecution." *Id.*

■ Furthermore, the juvenile court cannot be divested of jurisdiction to determine the transfer question. *State ex rel. Romley v. Superior Court,* 170 Ariz. at 341, 823 P.2d at 1349. In *State ex rel. Romley,* the state and the juvenile tried to circumvent the juvenile court by agreeing to waive the transfer hearing and allow the juvenile to plead as an adult in the superior court. *Id.* at 340, 823 P.2d at 1348. On appeal, we held that Rule 14, Rules of Procedure For the Juvenile Court, "mandates that 'the [juvenile] court shall ... determine whether the public safety or interest would be best served by the transfer....'" *Id.* at 342, 823 P.2d at 1350 (quoting Rule 14).

■ Here, however, the parties were not attempting to deprive the juvenile court of jurisdiction to *suspend* a juvenile criminal prosecution. Instead, the state's withdrawal of the motion to transfer, if granted, itself would have effectively suspended JCS's prosecution as an adult. Thus, in this case, the parties were affirming, rather than circumventing, the jurisdiction of the juvenile court. Consequently, *State ex rel. Romley* does not provide authority for the court's refusal to allow the prosecution to withdraw the transfer motion.

The issue, then, is not whether the prosecutor interfered with the juvenile court's authority to *suspend* a juvenile's criminal prosecution; rather, the issue is whether the juvenile court has the authority to compel the prosecutor to proceed with a transfer hearing. We conclude that the prosecutor, rather than the juvenile court, is vested with the discretion to proceed or not to proceed with a motion to transfer a juvenile for adult prosecution.

■ We first recognize that the executive branch of government has considerable discretion in the area of criminal prosecutions. For instance, a prosecutor, as a member of the executive department, "is properly vested with both the power ... and the discretion to proceed to trial once a criminal action has been filed." *State v. Ramsey,* 171 Ariz. 409, 413, 831 P.2d 408, 412 (App.1992). And, "the courts have no power to interfere with the discretion of the prosecutor unless he is acting illegally or in excess of his powers." *State v. Murphy,* 113 Ariz. 416, 418, 555 P.2d 1110, 1112 (1976).

■ Our laws grant prosecutors considerable power over juvenile prosecutions as well. For example, the authority to file delinquency petitions resides exclusively within the jurisdiction of the prosecutor. *In re Maricopa County, Juvenile Action No. J–81405–S,* 122 Ariz. 252, 255, 594 P.2d 506, 509 (1979). Thus, the judicial branch cannot interfere with a prosecutor's decision to initiate delinquency proceedings in juvenile court. *See Appeal in Maricopa County, Juvenile Action No. JV–122733,* 172 Ariz. at 545, 838 P.2d at 1306. Similarly, in Rule 12(a), Rules of Procedure For the Juvenile Court, our supreme court has recognized that it is the executive branch that decides first whether to seek to treat a juvenile as an adult. That rule provides that the county attorney may file a motion to transfer if, in his opinion, "the child is not a proper person over whom the juvenile court should retain jurisdiction."

Further, under the Rules in effect at the time of the transfer hearing, a juvenile court could not make a transfer order that limited the prosecution's right to decide what

charges should be filed against a juvenile.[2] *See Appeal in Maricopa County, Juvenile Action No. JV–122733,* 172 Ariz. at 545, 838 P.2d at 1306. Once a juvenile court exercised its power to transfer, the state had complete discretion in determining what charges to initiate against the juvenile "based on the acts for which transfer was made." *Id.*

All these limitations on the judiciary's authority to control the prosecution of both adults and juveniles are based on the separation of powers doctrine. *See id.; Ramsey,* 171 Ariz. at 412–13, 831 P.2d at 411–12. Under the Arizona Constitution, each branch of government must "act with the powers and functions properly belonging to it and ... not encroach on the power and functions delegated to the other [branches]." *Ramsey,* 171 Ariz. at 412, 831 P.2d at 411. It is the duty of the courts to maintain "sharp separation of powers." *Id.* at 413, 831 P.2d at 412 (quoting *State v. Jones,* 142 Ariz. 302, 304, 689 P.2d 561, 563 (App.1984)).

 Here, the prosecutor, by withdrawing his transfer motion, in effect simply exercised his legitimate authority to initiate proceedings against JCS in juvenile court. Because the decision to initiate proceedings in juvenile court is within the discretion of the prosecutor, the trial court had no right to override the prosecutor's decision. Consequently, the juvenile court abused its discretion in denying the state's request to withdraw its transfer motion.

The order accepting jurisdiction and granting relief is reaffirmed.

McGREGOR and KLEINSCHMIDT, JJ., concur.

---

2. Rule 12 was amended, effective June 1, 1994, to read in part:

> The complaint may be amended at any time before the transfer decision is made to conform to the evidence, but the juvenile shall not be transferred or held to answer for an offense different from that for which probable cause was found at the transfer hearing.